385 So.2d 316 (1980)
Alvin HOLLAND
v.
AETNA LIFE & CASUALTY INSURANCE CO. et al.
No. 13220.
Court of Appeal of Louisiana, First Circuit.
March 31, 1980.
*317 Hobart O. Pardue, Jr., Springfield, for plaintiff.
Iddo Pittman, Jr., Hammond, for defendants.
Before ELLIS, CHIASSON and PONDER, JJ.
CHIASSON, Judge.
Appellants, Aetna Life & Casualty Insurance Co. and Billups Western Petroleum Co., seek to set aside a judgment rendered on a confirmation of default.
In October of 1978, plaintiff-appellee, Alvin Holland, individually and on behalf of his minor daughter, Cheryl, filed a petition for damages against Billups, Billups' alleged insurer, Aetna, and Ronnie Hayes. The petition alleged that Ronnie Hayes, an employee of Billups, negligently removed the radiator cap on Cheryl's car causing scalding water to spray on Cheryl's arms and back, resulting in burns and permanent scarring.
Aetna was served on October 18, 1978; Billups was served on October 19, 1978, and Hayes was not served. Apparently, due to negotiations, Aetna did not file an answer to the suit and counsel for Holland delayed further judicial action. Thereafter, by letter dated February 26, 1979, Holland's counsel advised Aetna that he insisted on an answer being filed within fifteen (15) days of receipt of the letter if some response to his settlement offer was not received.
Aetna failed to answer and a preliminary default was taken on March 21, 1979. On April 27, 1979, appellee's case was presented on confirmation of default and the matter was taken under advisement. Judgment was subsequently signed in favor of Holland personally in the sum of $680.00 and as natural tutor of Cheryl in the sum of $60,000.00. Expert fees and interest, plus costs, were also awarded.
"In order to confirm a judgment of default, the plaintiff must prove the essential elements of the claim by competent evidence with legal certainty, as fully as though each allegation was specifically denied by the defendant." Bonfouca Inv. Corp. v. Eubanks, 347 So.2d 1277 (La.App. 1st Cir. 1977).
We find the proof herein to be deficient. Competent evidence of plaintiff's claim under an insurance policy is the insurance contract itself. However, the policy was not introduced into evidence. Citing us to the case of Succession of Rock v. Allstate Life Ins. Co., 340 So.2d 1325 (La.1976), counsel for appellee contends that it was not necessary to introduce the insurance contract since the record contains letters by plaintiff's counsel directed to Aetna.
*318 Succession of Rock, supra, is clearly distinguishable from the present case. In that case the Supreme Court stated that "(T)he requirement that the contract be made part of the record to support this default judgment is supplied by the admission of facts resulting from Allstate's failure to deny the matters of which an admission was requested." In the present case there was no request for any admissions in accordance with C.C.P. Art. 1496.
We find that the letters do not constitute competent evidence of proof of the insurance contract. They were written by appellee's counsel and these cannot in any way be interpreted as admissions of Aetna.
Appellee's proof is also deficient in other respects. No evidence was introduced to establish that the person removing the radiator cap was actually an employee of Billups, or that Billups was otherwise liable. The major portion of the proof of damages consisted of the deposition of a doctor taken without notice and improperly introduced and received into evidence, even though clearly hearsay and without agreement.
For the foregoing reasons, the judgment of the trial court is reversed and the case is remanded to the trial court for further proceedings. Appellee is to bear costs of this appeal.
REVERSED AND REMANDED.