392 So.2d 124 (1980)
John S. WHITE, Jr.
v.
A. BOUTTE.
No. 13596.
Court of Appeal of Louisiana, First Circuit.
October 6, 1980.
Rehearing Denied December 15, 1980.
Writ Refused February 13, 1981.
Charles N. Malone, Baton Rouge, for plaintiff-appellee John S. White, Jr.
Joel B. Dickinson, Baton Rouge, for defendant-appellant A. Boutte.
Before COVINGTON, CHIASSON and LEAR, JJ.
LEAR, Judge.
This action arises out of an oral contract entered into by defendant-appellant and plaintiff-appellee. The trial court found for plaintiff and defendant perfects this appeal. We affirm.
On October 12, 1976, John S. White, Jr. and A. Boutte entered into a valid oral contract to make substantial additions and improvements to the White residence at 5950 Menlo Drive in Baton Route, Louisiana. White resided there with his wife and three children. The original price of the building contract was $39,566.00 and was to be done in accordance with plans and specifications furnished to Boutte, the general contractor. The contract was amended shortly thereafter to include yet another addition and improvement at an additional price of $7,000.00.
*125 Although no completion date was specifically fixed, the testimony suggests that Christmas, 1976, was the projected date. Appellant was unable to complete the work in either December, 1976, or January, 1977.
By January, 1977, White had paid to Boutte more than $36,000.00, yet, substantial work remained to be done. Noticeably, however, no meaningful work was performed after December, 1976. In January and February, the owner communicated his dissatisfaction to the general contractor and urged him to speed up the work and to complete the job. By March, White concluded that no progress had been made and, therefore, he proposed to Boutte that he (Boutte) either get his subcontractors back on the job and complete it or withdraw from the contract and return to White the unexpended and unearned advances made. Boutte declared that he was "broke" and, therefore, not able to continue unless additional advances of money were made by White. White refused to advance any further sums of money and asked Boutte to complete the work or leave the premises. Boutte did not return to the job.
The record establishes that White made regular advances to Boutte totaling $36,625.31; that after January 1, 1977, Boutte breached the contract and forced White and his wife to take charge as general contractor and to complete the work. This the Whites did at a total cost of $59,493.67, or $12,927.67 in excess of the original contract of $46,566.00.
We start with the proposition that the contractor who fails to do the work as agreed or in the manner or time agreed, is liable for non-compliance.[1]
The court below in its articulation of the reasons for judgment clearly found that Boutte breached the contract herein.
Appellant argues that the trial court committed error in the following particulars: (1) by granting judgment to plaintiff where the defendant-contractor was never placed in default; (2) that more than enough monies remained with which the defendant could complete the job; (3) by denying judgment to the defendant-contractor for breach of contract by plaintiff; and (4) by dismissing defendant's reconventional demand for false arrest.
Appellant cites Delta Paving Company v. Woolridge, 209 So.2d 581, La.App. 4th Cir. (1967), writs denied 252 La. 176, 210 So.2d 56 (1968) in support of his position that a putting in default is required under the facts of this case.
The record reveals that the defendant-contractor refused to perform his contractual obligation and then left the job site. His refusal constitutes an active breach of contract which obviates the necessity of a formal putting in default as a prerequisite to recovery by the obligee, LSA-C.C. art. 1932; Andrew Development Corp. v. West Esplanade Corporation, 347 So.2d 210 (La.1977).
His second contention is that although $36,625.31 has been expended, the remaining $9,941.29 was more than sufficient to complete the contract. This argument is without merit. The testimony of the Whites, which is uncontroverted, proves that the final expenditure was $12,670.60 above the original contract as amended. The plaintiff-appellee is entitled to recover any costs incurred to complete the work.
Appellant's remaining contentions are equally without merit. The record is clear that the defendant-appellant, not the plaintiff-appellee, committed the breach of contract complained of herein by failing and refusing to complete the job. He is, therefore, entitled to no relief whatsoever. The last contention that the trial court erred in dismissing his reconventional demand for false arrest lacks merit. An examination of the pleadings fails to reveal a properly pled cause of action based on false *126 arrest. The pleadings do not in any way set out the factual circumstances of an arrest nor any specific acts by plaintiff which might render him liable. Further, the evidence does not support any such contention.
The decision of the trial court is correct in all respects.
For the foregoing reasons, the judgment of the trial court is affirmed, and appellant is to pay all costs of this appeal.
AFFIRMED.
NOTES
[1] La. Civil Code art. 2769:

"If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his noncompliance with his contract."