478 So.2d 215 (1985)
Preston C. RICHARD, Plaintiff-Appellee,
v.
TRI-J INDUSTRIAL CONSTRUCTION, INC., Defendant-Appellant.
No. 84-836.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1985.
*216 Francis E. Mire, Lake Charles, for plaintiff-appellee.
Karl E. Boellert and Lee W. Boyer, Lake Charles, for defendant-appellant.
Before DOMENGEAUX, LABORDE and KNOLL, JJ.
LABORDE, Judge.
Preston C. Richard instituted this action to recover $6,868.26, representing 1) the cost of repairing a bulldozer purchased from defendant Tri-J Industrial Construction, Inc. (Tri-J); and 2) profits allegedly lost while the bulldozer was out of service.
Tri-J failed to timely answer plaintiff's petition, and a preliminary default judgment was entered against it on July 17, 1984. The judgment was confirmed August 2, 1984. Tri-J appeals the confirmation. We amend the judgment to delete the award of lost profits and affirm as amended.
Article 1702 of the Code of Civil Procedure provides that default judgments may be obtained by oral motion in open court or by written motion mailed to the court, either of which shall be entered in the minutes of the court, but the judgment shall consist merely of an entry in the minutes.
Article 1702 of the Code of Civil Procedure provides that default judgments must be confirmed by proof of the demand sufficient to establish a prima facie case. In construing these articles, our courts have held that there can be no valid judgment of default absent entry of a valid preliminary default. Ashy v. Cosmopolitan Credit & Investment Corporation, 365 So.2d 1171 (La.App. 3rd Cir.1978). And any final judgment of default obtained without a valid preliminary default is an absolute nullity. Glessner v. Hyatt, 380 So.2d 222 (La.App. 3rd Cir. 1980).
Appellant reads the cited code articles and jurisprudence to mean that a trial court may not properly confirm a preliminary default absent independent knowledge of its recordation in the court minutes. We do not, however, read article 1701 to mean that the preliminary default must be entered in the minutes of the confirmation proceedings. The amended appellate record establishes that a preliminary default was entered, on July 17, 1984, in the minutes of the same court which confirmed the judgment. Neither article 1701 nor article 1702 requires a trial judge to independently verify the preliminary default at the confirmation proceeding. There is no merit to appellant's first assignment of error.
Tri-J next complains that the trial judge confirmed the preliminary default on the basis of evidence insufficient to establish the prima facie case required by article 1702.
"A litigating party is said to have a prima facie case when the evidence in his favor is sufficiently strong for his opponent to be called on to answer it." Black's Law Dictionary 1353 (4th ed. 1957). A prima facie case is established only when the plaintiff proves the essential allegations of his petition to the same extent as if these allegations had been specifically denied. Perrodin v. Zander, 441 So.2d 12 (La.App. 3rd Cir.1983), writ denied, 444 So.2d 120 (La.1984). To establish his prima facie case, the plaintiff must use only *217 competent evidence. Holbrook v. Palermo, 352 So.2d 419 (La.App. 3rd Cir. 1977).
Our task upon review is, therefore, to examine the record and plaintiff's petition to determine whether he proved, by competent evidence, his essential allegations to such an extent that his opponent was called on to answer them.
In two separate paragraphs of the petition, plaintiff alleges that Tri-J breached the implied warranty of fitness which accompanies all contracts of sale. Williams v. Ring Around Products, Inc., 344 So.2d 1125 (La.App. 3rd Cir.1977). At the confirmation proceeding, however, plaintiff argued only those points, raised in five other paragraphs, alleging that Tri-J was negligent in its attempts to repair the equipment. Liability for breach of the duty to perform repair works in a non-negligent, prudent and skillful manner arises ex delicto, and not under the redhibition articles of our civil code. Landry v. International Harvester Co., 452 So.2d 806 (La. App. 3rd Cir.1984); LSA-C.C. art. 2316.
Where, as here, the record contains a complete transcript of the confirmation proceedings, there is no presumption that the trial court's judgment was based upon sufficient evidence and that it is correct. Philip White Plumbing Company Inc. v. Baricev/Waguespack Ltd., 410 So.2d 1247 (La.App. 3rd Cir.1982).
Compliant with the rule of Baricev/Waguespack, we have carefully reviewed the record of the confirmation proceeding, and we are satisfied that the plaintiff in this case made out a prima facie case of negligent repair. The plaintiff's evidence on this issue consisted of the testimony of the manager of the establishment which repaired the bulldozer after appellant's futile attempts to do so. The manager made general remarks to the effect that the block assembly had been damaged by prior efforts to correct oil pressure problems. Appellant now makes the argument that the manager's testimony lacked specificity. A thorough cross-examination of the witness would no doubt have provided specificity in abundance. But appellant's failure to appear at the confirmation proceeding ruled out that possibility. The trial judge found the testimony sufficiently convincing to make out a prima facie case. Reasonable evaluations of witness credibility should not be disturbed on appeal. State v. Jefferson, 448 So.2d 907 (La.App. 3rd Cir.1984). We have no difficulty concluding that the judge's evaluation was reasonable, especially in light of the fact that the testimony went uncontradicted.
In his last assignment of error, appellant argues that the award of damages was based on less than competent evidence, an argument for which we find some merit. That the plaintiff's own testimony (during which he told of his repeated efforts to have appellant repair the bulldozer) was self-serving gives no cause for pause. A party's testimony is necessarily and always self-serving. We therefore have no difficulty affirming the award of damages for negligent repair, which were based simply on the cost of repairing the machine at a third party's establishment. It is an established rule, however, that lost profits resulting from an offense or quasi-offense must be proved with reasonable certainty, and damages will not be allowed where the lost profits are purely conjectural or uncertain. Meshell v. Insurance Co. of North America, 416 So.2d 1383 (La.App. 3rd Cir.1982); LSA-C.C. art. 2315; Koncinsky v. Smith, 390 So.2d 1377 (La.App. 3rd Cir.1980). A claim based solely on the testimony of the injured party and unsubstantiated by other evidence does not constitute a reasonable certainty. Louisiana Joint Underwriters v. Gant, 439 So.2d 1153 (La.App. 4th Cir.), writ denied, 443 So.2d 589 (La. 1983). We agree with appellant that the award of $1,100.00 for lost profits was, in this case, based on evidence most uncertain. Without retreating from our view that self-serving testimony is competent evidence, we hold that no award of damages for lost profits may be made when the award is based, as here, on a glib and unsubstantiated assertion by a plaintiff that a tortfeasor's negligence caused him *218 to lose a specified amount of future profits. Plaintiff's testimony was not incompetent, but it was insufficient to sustain a claim for lost profits.
For the above and foregoing reasons, we delete the award of $1,100.00 for lost profits and affirm the judgment as amended. Costs are assessed one-half to appellant and one-half to appellee.
AFFIRMED AS AMENDED.