509 So.2d 460 (1987)
Eron Genae SAVIC, Plaintiff-Appellee,
v.
ASSURANCE COMPANY OF AMERICA, et al., Defendants-Appellants.
No. 86-414.
Court of Appeal of Louisiana, Third Circuit.
April 8, 1987.
*461 Gist, Methvin, H.B. Gist, III, Alexandria, for defendants-appellants.
Harrington and Harrington, C. Rodney Harrington, Natchitoches, for plaintiff-appellee.
Before LABORDE and YELVERTON, JJ., and CULPEPPER, J. Pro Tem.[*]
LABORDE, Judge.
Plaintiff-appellee, Eron Genae Savic, confirmed a default judgment against defendant-appellant,[1] Assurance Company of America (Assurance). On appeal, Assurance asserts that plaintiff failed to establish a prima facie case against defendant; failed to demonstrate that Assurance insured the premises in which plaintiff stumbled; and that the trial court awarded excessive damages to plaintiff for her purported personal injuries and loss of income opportunities. We reverse.
The record discloses the following facts: plaintiff and her mother entered Adrian's Photography Shop of Natchitoches, Louisiana in the late afternoon of November 13, 1984. They went through a tuxedo shop *462 which shared a common doorway with the photography shop. The photography shop was well lighted. A wooden two inch by two inch strip of wood was nailed down as a threshold between the two shops. This threshold, described by plaintiff as "a long piece from ... each side of the door all across," hid the joining of the two shops' carpeting. One shop had "plush" carpet, and the other had "indoor and outdoor" carpet. After traversing, but allegedly not seeing,[2] this demarcation on the way in, plaintiff proceeded with her business and walked out. (Well, perhaps out, we cannot tell from the record.) Plaintiff testified that on the way out her "shoe sole got triphung over this threshold in the door... I [plaintiff] tripped over that falling out, back into the tuxedo shop...." No hazard warnings, verbal or written, directed plaintiff's attention to the threshold.
After tripping, plaintiff fell. She got up, asked for the owner of the photography shop, then headed for the emergency room of the Natchitoches Parish Hospital. There her leg was x-rayed and lesions were cleaned. Her ankle was wrapped with an ace bandage. She left that same day on crutches.
The record clearly demonstrates that plaintiff tripped over the threshold between the tuxedo shop and Adrian's Photography shop. But is that enough to establish a prima facie case against defendants as required by La.C.C.P. art. 1702?[3] A prima facie case is established only when the plaintiff proves the essential allegations of his petition, with competent evidence, to the same extent as if these allegations had been specifically denied. Richard v. Tri-J Industrial Construction, Inc., 478 So.2d 215, 216 (La.App. 3d Cir.1985). In reviewing a default judgment, we must determine whether sufficient evidence supports the judgment. Colonial Bank v. Baptiste, 370 So.2d 681, 682 (La.App. 4th Cir.1979). Where, as here, the record contains a complete transcript of the confirmation proceedings, there is no presumption that the trial court's judgment was based upon sufficient evidence and that it is correct. Richard, 478 So.2d at 217; Philip White Plumbing Company, Inc. v. Baricev/Waguespack Ltd., 410 So.2d 1247, 1248 (La.App. 3d Cir.1982).
Plaintiff asserts that she was a customer in the business owned by Adrian Demery known as Adrian's Photography Shop. She also alleges that the exit of the photography shop was unreasonably dangerous, and that the failure to warn patrons of the unreasonable risk constituted negligence.
The trial court did not bless us with reasons for judgment. From the minutes, we cannot tell whether defendants' liability was premised on La.C.C. arts. 2315-16 (negligent liability) or 2317 (strict liability). We will examine the record in light of each theory in reverse order.

A.
An injured party seeking damages under La.C.C. art. 2317 need not prove negligence, that is, that any particular act or omission on the part of the defendants caused her injuries. She must only prove that the thing which caused the damage was in the care or custody of the defendant, that the thing had a vice or defect, ie., that it occasioned an unreasonable risk of injury to another, and that her injury was caused by the defect. Once these elements have been proved, the custodian will escape liability only upon showing that the harm was caused by the fault of the victim, by the fault of a third person, or by an irresistible force. Shipp v. City of Alexandria, 395 So.2d 727, 728 (La.1981).
We find that plaintiff failed[4] to establish with competent evidence that the *463 thing which caused the damage was in the care or custody of the defendant. By plaintiff's own admission, she tripped on the threshold between two shops. The tuxedo shop was just as likely as the photography shop to have had care or custody of the strip of wood. Plaintiff's proof fails to preponderate.
Further, plaintiff failed to establish with competent evidence that the thing had a vice or defect. Plaintiff testified that the threshold extended the width of the doorway, and was two inches high by two inches wide. The fastened wood was not rounded or tapered at the corners. Plaintiff's mother, Artie Waggoner, confirmed plaintiff's description of the passageway. To paraphrase Justice Marcus in Shipp, 395 So.2d at 729, the fact that Ms. Savic fell does not elevate the condition of the doorway to that of an unreasonably dangerous vice or defect. The threshold was not proved to occasion an unreasonable risk of injury. Cf. Henry v. Safeco Insurance Company, 498 So.2d 1116 (La.App. 3d Cir. 1987); McHenry v. Hanover Insurance Company, 246 So.2d 374 (La.App. 2d Cir. 1970).
Because plaintiff has failed to establish the first two of the three elements of strict liability under La.C.C. art. 2317, we need not determine the third (that plaintiff's injury was caused by the defect).

B.
We now turn to whether plaintiff presented a prima facie case sufficient to confirm a judgment of default by proving with competent evidence that defendants were negligent under La.C.C. arts. 2315-16.
The owner of immovable property has a duty to keep his property in a reasonably safe condition. He must discover any unreasonably dangerous conditions on his premises and either correct the condition or warn potential victims of its existence. Boutte v. Pennsylvania Millers Mutual Insurance Company, 386 So.2d 700, 701 (La.App. 3d Cir.1980); Albritton v. J.C. Penney Company, Inc., 385 So.2d 549, 552 (La.App. 3rd Cir.), writ denied, 393 So.2d 727 (La.1980). This duty is the same under the strict liability theory of La.C.C. art. 2317 as under the negligent liability theory of La.C.C. arts. 2315-16. Shipp, 395 So.2d at 728; Shelton v. Aetna Casualty & Surety Company, 334 So.2d 406, 410 (La. 1976). The difference in proof between these theories of liability is that under La. C.C. art. 2315, it must be shown that the owner either knew or should have known of the risk, whereas under La.C.C. art 2317, a plaintiff is relieved of proving the defendant's knowledge. Kent v. Gulf States Utilities Company, 418 So.2d 493, 497 (La.1982); Buchanan v. Tangipahoa Parish Police Jury, 426 So.2d 720 (La.App. 1st Cir.1983).
Under either theory of liability, the plaintiff has the burden of proving that (1) the property which caused the damage was in the "custody" of the defendant; (2) the property was defective because it had a condition that created an unreasonable risk of harm to persons on the premises (breach of the duty); and (3) that the defect in the property was a cause in fact of the resulting injury. McCormick v. Insured Lloyds Insurance Company, 488 So.2d 491, 493 (La.App. 3d Cir.1986); See also Kent, 418 So.2d at 501 (Dennis, J. concurring).
As noted earlier, plaintiff has failed to prove that defendants had care or custody over the thing which caused the damage. Plaintiff also failed to establish that the thing was defective, ie., that defendants breached a duty. We find now that plaintiff utterly failed to establish that defendants knew or should have known of the purported risk. Plaintiff did not present a prima facie case of defendants' negligence under La.C.C. arts. 2315-16; therefore, she is not entitled to recover under this theory of fault.

C.
We further find no evidence of liability on behalf of Assurance. Plaintiff's claim is based upon a liability insurance *464 contract purportedly written by Assurance to Adrian Demery. As stated in Brown v. Trinity Insurance Company, 480 So.2d 919, 920 (La.App. 2d Cir.1985): "This insurance contract is an essential element of plaintiff's prima facie case and no valid default judgment can be rendered against the appellant without the introduction of this insurance contract into evidence. Ascension Builders, Inc. v. Jumonville, supra [262 La. 519, 263 So.2d 875 (1972)]; Holland v. Aetna Life & Cas. Ins. Co., 385 So.2d 316 (La.App. 1st Cir.1980)."
Accordingly, we must reverse and vacate the judgment of the trial court and remand this case to the court a quo for further proceedings. Plaintiff, Eron Genae Savic, is taxed with the costs of this appeal.
REVERSED AND REMANDED.
NOTES
[*] Hon. William A. Culpepper, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] Plaintiff filed suit against Assurance and Adrian Demery d/b/a Adrian's Photography. After legal delays as provided by the La.C.C.P. lapsed, plaintiff entered a default judgment against both defendants. After evidence was entered, the minutes show that the trial court granted judgment "in favor of the plaintiff and against the defendant's [sic] in solido in the following amounts: ... For personal injuries the Court awards $15,000.00. For limitation of activities the Court allows $10,000.00." The trial judge also granted $100,000.00 in loss of income and wages and ordered medical expenses to be paid by defendants. Plaintiff prepared the judgment which omitted the $10,000.00 award for limitation of activities and failed to include as defendant Adrian Demery. For reasons expressed below, we need not correct these errors.
[2] The plaintiff is required to use reasonable care and to see what she should have seen. Smith v. Reliance Insurance Company, 431 So.2d 907, 909 (La.App. 2d Cir.1983).
[3] La.C.C.P. art. 1702(A) provides:

"A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default."
[4] Plaintiff presented no evidence with regard to custody over the strip of wood. Similarly, plaintiff offered no evidence of the premises' ownership nor of Adrian Demery's leasehold.