ARMSTRONG, Judge.
Defendant, Otis Winding, is appealing the trial court’s granting of a default judgment in favor of plaintiff, Elenora Booker for damages for breach of contract. We affirm.
*1241 The record reflects that on or about June 13, 1985, plaintiff contracted in writing with defendant for certain repairs and remodeling work to be performed on her property located at 5000-5002 North Der-bigny Street, New Orleans. The contract provided that Mrs. Booker was to pay Winding $5,500 for labor and materials. Mrs. Booker testified that Winding told her that additional work needed to be done beyond that which they originally agreed upon. He requested additional money, also, to cover these new expenses. Between June 13, 1985 and August 15, 1985 Winding received a total of $10,100 from Mrs. Booker to complete the job. At the trial plaintiff testified that defendant did not complete all of the work agreed upon even after requests by her to do so.
Mrs. Booker introduced cancelled checks and money order receipts at the trial to show payments made to Winding. Mrs. Booker called as a witness Yolanda Ladmi-rault, a carpenter, who testified that she inspected the premises and gave an estimate of $8,650 to complete the job and correct defects in Winding’s work.
On appeal Winding argues first, that the trial court erred in confirming a Default Judgment upon which there had been no showing of “Notice of Default” or “Breach”; second, that the trial court erred in finding that plaintiff bore her burden of proof in establishing a prima facie case; and third, that the trial court erred in that there was no showing at the hearing on the Default Judgment as to:
a. errors that were to be corrected;
b. items that were to be completed by the defendant; and
c. Yolanda Ladmirault’s qualifications to testify as an expert.
La.C.C. Art. 2016 provides:
“When a delayed performance would no longer be of value to the obligee or when it is evident that the obligor will not perform, the obligee may regard the contract as dissolved without any notice to the obligor.”
Mrs. Booker testified that she asked Winding to return and complete the job. He said that he would return but had not done so in the four months prior to trial. His refusal made it evident that he would not perform, with the result that Mrs. Booker was not required to put him in default as a prerequisite to recovery or to filing suit. White v. Boutte, 392 So.2d 124, 125, (La.App. 1st Cir.1980), cert. denied, 396 So.2d 929 (1981). There is no merit to appellant’s first assignment of error.
Winding’s next assignment of error is that the trial court erred in finding that plaintiff had established a prima facie case as provided by La.C.C.Art. 1702.
A prima facie case is established only when the plaintiff proves the essential allegations of his petition to the same extent as if these allegations had been specifically denied. Richard v. Tri-J Industrial Construction., Inc. 478 So.2d 215 (La.App. 3rd Cir.1985), Perrodin v. Zander, 441 So. 2d 12 (La.App. 3rd Cir.1983), writ denied 444 So.2d 120 (La.1984). The role of the appellate court is to examine the record and plaintiff’s petition to determine whether he proved, by competent evidence, his essential allegations to such an extent that his opponent was called on to answer them. Richard, infra at p. 217.
The evidence introduced at the confirmation of the default hearing was the testimony of the plaintiff and her witness, Yolanda Ladmirault. Mrs. Ladmirault is a carpenter who testified that she inspected the premises and gave an estimate of $8,650 to correct the defective work and complete the job. The plaintiff introduced the estimate, the contract between her and Winding, and the cancelled checks and money order receipts. The trial judge found this evidence sufficient to make out a prima facie case.
We conclude that this evidence was sufficient to support the judgment.
Appellant next argues that there was no showing at the hearing as to the errors to be corrected and/or items to be completed.
The plaintiff introduced an itemized list of repairs needed and the cost of such repairs. This list was signed by plaintiff and Mrs. Ladmirault. Although the *1242 plaintiff and her witness did not give oral testimony regarding the defects the itemized list was offered into evidence. The signing of this list indicates that both plaintiff and her witness found the existence of the items complained to be defective and/or incomplete. We conclude that the plaintiff sustained her burden of proving these defects to exist and to have been caused by defendant’s faulty workmanship. A firm competitive bid for the necessary remedial work is sufficient. Henson v. Gonzalez, 326 So.2d 396 (La.App. 1st Cir.1976), Rathe v. Maher, 184 So.2d 256 (La.App. 1st Cir.1966), writ refused 249 La. 201, 186 So.2d 159 (1966).
Finally appellant raises the argument that plaintiffs carpenter was not qualified as an expert witness. Mrs. Booker testified that Ladmirault was a certified carpenter. This testimony was uncontra-dicted and as such was sufficient to support Ladmirault’s estimate. Accordingly, we find no merit to this argument.
For the foregoing reasons, the trial court’s judgment is affirmed.
AFFIRMED.
BYRNES, J., concurs.
BARRY, J., dissents with reasons.