554 So.2d 149 (1989)
Gladys SUDDS, Appellee,
v.
PROTECTIVE CASUALTY INSURANCE COMPANY, Appellant.
No. 21056-CA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1989.
*150 Lunn, Irion, Johnson, Salley & Carlisle by James A. Mijalis, Shreveport, for appellant.
Davis & Singleton by W. James Singleton, Shreveport, for appellee.
Before FRED W. JONES, Jr., NORRIS and HIGHTOWER, JJ.
NORRIS, Judge.
The defendant, Protective Casualty Insurance Company ("PCI"), appeals a judgment rendered on confirmation of default by the plaintiff, Gladys Sudds. For the reasons expressed, we reverse and remand.
By her petition Mrs. Sudds alleged that she wrecked her 1985 Thunderbird in June 1986; it was a total loss. She further alleged she had a collision insurance policy with PCI, with whom she attempted to reach a settlement. In early 1987 PCI extended offers of $7,380 and $9,620, which Ms. Sudds rejected. Meanwhile she stopped making her car payments and the creditor pursued her. Ultimately the car was seized and sold at a sheriff sale for $4,920; the creditor obtained a deficiency judgment and garnished her wages.
Ms. Sudds brought this suit in March 1987. She sought damages for the alleged value of the car, $15,000; mental anguish of $10,000; and attorney fees of $3,500.
PCI did not answer. In October 1988 Ms. Sudds took a preliminary default. Confirmation was held on November 18 and a complete transcript of this hearing is made part of the instant record. At the confirmation hearing Ms. Sudds testified the car had cost about $14,000 new; she still owed $13,300 when it was wrecked. She testified she had collision coverage with PCI but she did not offer a copy of the policy. She said she notified the insurer, who made two unacceptable offers. As a result of their refusal to cooperate, the car was seized and sold; she testified she was paying garnishment of $104 per week for the deficiency. She testified she suffered humiliation, embarrassment and financial problems as a result. She offered six exhibits; the most pertinent one is P-5, a letter from PCI's adjuster to Ms. Sudds's attorney asking why they had rejected the second offer. The plaintiff then prayed for judgment.
The trial court took the case under advisement to consider quantum. It rendered judgment on December 7, 1988, for the entire amount prayed for, $28,500, plus interest and costs. The judgment recites that the plaintiff had produced to the Court "due proof in support of" her demands and the "law and evidence" were in favor of the plaintiff. R.p. 18. PCI appealed devolutively, urging three assignments of error. Because we find merit in the first, we pretermit discussion of the others.
When the judgment recites that plaintiff has produced due proof in support of its demand and that the law and evidence favor the plaintiff and are against the defendant, the judgment is presumed to be rendered on sufficient evidence and to be correct. Ascension Builders Inc. v. Jumonville, 262 La. 519, 263 So.2d 875 (1972); Massey v. Consumer's Ice Co. of Shreveport, 223 La. 731, 66 So.2d 789 (1953). The presumption, however, does not attach when, as here, the record contains a complete transacript of the confirmation proceedings. Savic v. Assurance Co. of Amer., 509 So.2d 460 (La.App. 3d Cir.1987). In such a case, the reviewing court is able to determine whether the evidence *151 on which the judgment is based was sufficient and competent. See Ascension Builders, supra. The code requires that the plaintiff in confirming a default to adduce proof of the demand "sufficient to establish a prima facie case." LSA-C.C.P. art. 1702. Based on the confirmation record in this case we are constrained to find the proof falls short of the statutory standard.
The jurisprudence holds that when an obligation is based on a writing, prima facie proof of the obligation requires introducing that writing. Ascension Builders, supra, and citations therein. This applies to an insurance contract, which must be embodied in a written instrument called the policy. LSA-R.S. 23:624. Mrs. Sudds testified she had a policy of insurance with PCI. The written instrument is therefore an essential element of the plaintiff's prima facie case; no valid default judgment can be rendered without introducing it in evidence. Brown v. Trinity Ins. Co., 480 So.2d 919 (La.App. 2d Cir.1985); Holland v. Aetna Life & Cas. Ins. Co., 385 So.2d 316 (La.App. 1st Cir.1980); Savic v. Assurance Co. of Amer., supra. At the instant confirmation hearing the policy was plainly not introduced; unless an exception can be shown, the judgment must be reversed.
The jurisprudential exception is that when the plaintiff requests admissions of contractual coverage or production of the policy, the defendant's failure to comply may be construed as supplying the missing proof. Succession of Rock v. Allstate Ins. Co., 340 So.2d 1325 (La.1976); Brown v. Trinity Ins. Co., supra. No request was made in the instant case. The civil code also allows testimonial evidence of a written contract if the contract is shown to be "destroyed, lost, or stolen." LSA-C.C. art. 1832. There was no showing to this effect. We do not find that any exception applies.
The plaintiff contends in brief that the missing proof is supplied by P-5, which allegedly "admits" coverage by discussing an offer to settle the claim. The plaintiff in Brown advanced a similar argument, citing letters from the insurer's claims supervisor to the plaintiff's attorney seeking loss verification, as well as a letter concerning a settlement offer. We found these letters were of an "evidentiary nature * * * unnecessary to address" and they failed to meet the exception of Succession of Rock, supra. We find P-5 equally unavailing to Ms. Sudds.
We are sensitive to the minor distinction that the policy at issue in Brown was actually one of liability between an alleged tortfeasor and her insurer; since there was no privity between the plaintiff and the defendant insurer, the ends of justice might arguably require a stronger showing to prove that insurer's liability. However, the alleged contract in Ascension Builders, supra, was a simple, two-party contract, just as in the instant case, and the supreme court still required introduction of the written document. The alleged distinction is of no consequence.
It is almost unnecessary to state that the reason for the rule is that the true intent of the parties may be best determined by reading the written document. Failure to do so can result in the sort of inaccuracies that are alleged in the instant judgment; an award is based on a policy but no allowance is made for deductions or salvage value of the wrecked car; potential exceptions or exclusions are also overlooked. The proper remedy is not a judgment based on insufficient proof; rather, the plaintiff should pursue discovery procedures in the trial court for securing the production of the document or the admission of its contents. LSA-C.C.P. arts. 1461-1472. If the defendant fails to comply, appropriate sanctions will be imposed.
For the reasons expressed, we reverse and set aside the trial court's judgment confirming the default and awarding the plaintiff $28,500 plus interest and costs. Cost of the appeal is assessed to the plaintiff. The case is remanded to the trial court for further proceedings in accordance with law.
REVERSED AND REMANDED.