JaGOTHARD, Judge.
Rafael Torres appeals a judgment of the trial court finding him 100% at fault in an automobile accident, and refusing his claim for uninsured motorist coverage made against his insurer. For reasons that follow, we affirm.
Mr. Torres filed suit for damages sustained in an automobile accident which occurred on April 11, 1994. Made defendants were a John Doe phantom driver and Mr. Torres’ uninsured motorist carrier, Patterson Insurance Company. In the petition, plain *126 tiff alleges that he was traveling east on Earhart Boulevard in the center lane when a white Ford Granada traveling in the same direction pulled directly in front of him, causing him to veer left, lose control of his car and strike a concrete retaining wall in the outside lane of traffic. No allegation of actual contact between the phantom vehicle and Mr. Torres was made either in the petition or in plaintiffs statement of facts in his pre-trial order.
1,-iAt the trial on the merits, Mr. Torres was the only witness to testify. He stated that he was traveling in the center lane of the Earhart Expressway at approximately 55 to 65 miles per hour when suddenly a white car, possibly a Ford Granada, moved from the left lane into the center lane, directly in front of him. Mr. Torres stated that he applied his brakes to avoid a collision, then spun around several times before hitting the rail on the side of the expressway. The Ford continued on and did not stop. Mr. Torres testified that, although he was not aware of any physical contact between his car and the phantom ear on the day of the accident, he discovered the contact subsequently when he saw white paint on the front of his demolished vehicle. He stated that only the rear portion of his automobile struck the retaining wall. He maintained that he could have sustained damage to the front portion of his ear only by physical contact with the phantom vehicle. Although he stated that he had photographs of the damage to the front of his vehicle, no such photos were introduced at trial. Plaintiff further testified that his car was a total loss as a result of the accident, and offered a copy of the claim evaluation to substantiate that claim. The claim report indicates Mr. Torres’ car sustained $11,-700.00 in damages. The value of the car was estimated at about $9800.00.
Mr. Torres said that he called police and an investigation was made of the accident. Mr. Torres also asserted that several witnesses to the accident gave statements to the police officer which would confirm his testimony concerning the phantom vehicle which caused the accident. However, there were no other witnesses who testified at trial, or by deposition, and the police report was not made a part of this record.
UOn cross examination, Mr. Torres admitted that he has a criminal record which includes convictions of felony theft on March 23, 1987, accessory after the fact to manslaughter, in January 20, 1991, and possession with intent to distribute cocaine on February 21, 1995. He also stated that he had another automobile accident earlier in 1994 in which he sustained a back injury.
In addition to the sworn testimony of the plaintiff, the record contains documentary evidence consisting of a copy of the applicable insurance policy, towing and medical bills, and the loss evaluation report. Absent from the record are the police report and photographs of the wrecked vehicle.
On appeal, plaintiff argues two assignments. In the first he argues that the trial court erred in finding that plaintiff failed to prove a prima facie case of liability against his uninsured motorist carrier.
Prima facie evidence is sufficient to establish a given fact, which, if not rebutted or contradicted, will remain sufficient. W. Handlin Marine v. Gulf States Marine, 624 So.2d 907 (La.App. 5 Cir.1993); writ denied 93-2851 (La.1/13/94), 631 So.2d 1166. However, prima facie evidence is established only when plaintiff proves the essential allegations of his petition with competent evidence, to the same extent as if these allegations had been specifically denied. Savic v. Assurance Co. of America, 509 So.2d 460 (La.App. 3 Cir.1987).
Uninsured motorist coverage is governed by LSA-R.S. 22:1406. Under 22:1406 D(l)(d)(i) uninsured motorist coverage is not provided for:
Damage where there is no actual physical contact between the covered motor vehicle and an uninsured motor vehicle, unless the injured party can show, by an independent and disinterested witness, that the injury was the result of the actions of the driver of another vehicle whose identity is unknown or who is uninsured or underin-sured.
*127 |fiThe plaintiff has the burden of proving every essential element of his ease by a preponderance of the evidence in civil cases. See; Lasha v. Olin Corp., 625 So.2d 1002 (La.1993). Thus, in order to establish his right to coverage for uninsured motorist damage, plaintiff in the instant action has the burden of proving physical contact by a preponderance of the evidence. In the absence of physical contact, plaintiff has the burden of proving a “near miss” by an independent and disinterested -witness. Clearly, if plaintiff had met his burden of proof to show physical contact, he would not need to produce an independent and disinterested witness. However, here the trial court did not find that plaintiff met that burden.
Even the plaintiff admits he didn’t think he actually hit the ear at the time of the accident. The only evidence to show that there was physical contact between the phantom vehicle and the plaintiff’s vehicle is the plaintiffs testimony that he saw his front end damage to his ear several days after the accident which could have only occurred if he hit the other car. Although references were made by plaintiff to the police report, photographs, and other witnesses, including a guest passenger, Mr. Richard Thorson (a/k/a Richard A. Saucier), no such evidence was introduced at trial. Under these circumstances we agree with the trial court that the plaintiff did not met his burden of proof of the essential elements required to find defendant liable under the uninsured motorist coverage.
In his second assignment of error, plaintiff argues that the trial court erred in finding him 100% at fault in the accident. Both plaintiff and defendant address this assignment in terms of the liability for rear end collisions. That analysis is apparently derived from the assumption made by the parties that the trial court used such analysis for the finding of fault. We make no such assumptions. The trial court did not give reasons for the finding of fault. However, it appears from the 16record that the trial court did not find that a collision between the plaintiff and another vehicle occurred. Thus, we find any discussion of the law regarding rear end collisions to be inappropriate.
We believe the trial court’s ruling that plaintiff was 100% at fault was based on the finding that the plaintiff failed in his burden of proving the existence of another vehicle to share in the allocation of fault. Consequently, we do not find manifest error in the trial court’s ruling that the plaintiff was entirely at fault.
For the foregoing reasons, we affirm the trial court. Costs of this appeal are assessed to the plaintiff.
AFFIRMED.