11 CARAWAY, Judge.
The plaintiff appeals after its attempt to confirm a default judgment failed and its suit was dismissed. Although the city court’s ruling that the plaintiff presented insufficient evidence to establish its claim is correct, the judgment dismissing the suit for the unsuccessful confirmation of default must be reversed and remanded for further proceedings.

Facts and Procedural History

The plaintiff, Louisiana NBOA Construction and Industry Self Insurers Fund (hereinafter “NBOA”), asserts a claim for unpaid premiums owed under a contract to provide worker’s compensation insurance coverage. The defendanVemployer, Rueylin L. Liu, d/b/a Monroe City Lodge, apparently refused to pay the worker’s compensation insurance bill based, upon a “final audit” and bill for additional premiums after NBOA had terminated the policy. The plaintiff filed suit for the amount due, $4,437.95, plus interest, costs, and reasonable attorney fees as allegedly called for in the insurance contract.
Attached to the petition and plaintiffs Request for Admissions of Fact (“Requests”) is a copy of the single-page “Application and Agreement for Membership in the Louisiana NBOA Construction and Industry Self Insurers Fund.” This application/agreement is signed by the defendant, but there is no signature of approval of the application by a representative of the plaintiff. The applica *1004 tion/agreement makes reference to certain binding terms and conditions of an additional Indemnity Agreement which was not attached.
When the defendant failed to answer the petition and the Requests, the plaintiff moved for a default judgment. There is no transcription of the January 22, 1997 hearing on the default motion, and there is no indication that the ^application/agreement or any other written evidence of the parties’ contractual dealings were introduced into the record. At a hearing, the city court rejected as insufficient the plaintiffs evidence, which included two affidavits of correctness of the amount due and the unanswered Requests.
Plaintiff complains in this appeal that the city court refused to accept certain affidavits of correctness of representatives of the plaintiff. There are two affidavits in the record dated three months apart and signed by different individuals, both allegedly agents for the plaintiff. Both affidavits contain essentially the same language. The affidavits do not refer to or discuss a contract between the plaintiff and defendant, the default regarding the premium, and the “final audit” giving rise to the sum due, but merely characterize the debt as an “account in favor of LC & I Self Insurers Fund and against Monroe Motor Lodge for the sum of $4,437.95.”
Based upon the pleadings, other documents on file in the record, the statements in plaintiffs brief and the lack of documentation of the contract, we can only conclude that the plaintiff attempted to make out a -prima, facie case of the demand based solely upon the Requests and the affidavits. In its sole assignment of error, plaintiff contends that the city court erred in failing to accept the unanswered Requests and the unimpeached affidavits of correctness as sufficient proof of the obligation to justify entry of judgment against the defendant.

Discussion

Initially, we think it important to note that plaintiffs claim arises from a conventional obligation created by an insurance contract. Although some early cases tended to characterize actions to recover insurance premiums as open account actions, most cases and the more recent cases, characterize these actions as based in contract. See, e.g., Fidelity and Casualty Company of New York v. A & M Construction, Inc., 96-1326 (La.App. 1st Cir. 3/27/97), 692 So.2d 28; Calvert v. Harper, 205 So.2d 193 (La.App. 2d Cir.1967); Percy v. Perkins, 468 So.2d 815 (La.App. 1st Cir.1985). Cf. Brosset v. Childs Enterprises, Inc. 465 So.2d 89 (La.App. 5th Cir.1985).
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. La.C.C.P. arts. 1702 A and 4904 B. The confirmation of a default on a conventional obligation is expressly addressed in La.C.C.P. art. 1702 B(l) and allows the court, in addition to accepting the proper proof of the contract, to require additional evidence in the form of oral testimony before entering judgment.
Generally, when an obligation is based on a writing, prima facie proof of the obligation requires introducing the writing. Sudds v. Protective Casualty Insurance Company, 554 So.2d 149, at 151 (La.App. 2d Cir.1989). A jurisprudential exception to this rule is that when the plaintiff requests admissions of contractual coverage with the defendant or seeks the defendant’s production of the policy, the defendant’s failure to comply may be construed as supplying the missing proof. Sudds, supra at 151.
This case involved a policy of insurance and an apparent audit procedure which allegedly led to an assessment against defendant of an additional premium not directly specified in the contract. This contractual dispute involves a more complicated claim than a simple action on a promissory note or an open account. See Highlands Underwriters Ins. Co. v. Foley, 96-1018 (La.App. 1st Cir. 3/27/97), 691 So.2d 1336. Nevertheless, the plaintiff apparently offered only the affidavits of correctness of the sum due without any further substantive explanation of the contractual relationship. Most critical, the contract of insurance which governed the assessment of premiums is nowhere to be found in the record. The applieation/agreement attached to the petition and the Requests was not introduced at the confirmation hearing and *1005 does not appear to represent the complete contract of the parties. NBOA’s failure to introduce its written policy of insurance in this instance does not fall within the exception to the rule requiring proof of the written contract as discussed in Sudds, supra.
Plaintiff argues that the city court erred in failing to accept the Bequests for Admission of Fact as sufficient prima facie proof of the existence of the obligation upon which the demand is based. We cannot agree. In Voisin v. Luke, 249 La. 796, 191 So.2d 508 (1966), the Louisiana Supreme Court explained the purpose of La.C.C.P. art. 1468 (formerly C.C.P. art. 1496) governing requests for admission:
The request for admission of facts under Article 1496 provides what has been characterized as a “drastic remedy” and is an innovation in the civil procedure of Louisiana. It is patterned on statutes in other jurisdictions, particularly Federal Rule 36.
* * * * * *
According to the pronouncements of the federal courts, and those of other jurisdictions having similar statutes, this procedure is designed to expedite the trial of cases and reduce to a minimum the expense involved, although, unlike the pretrial conference and the interrogatory, it cannot be used as a pre-trial discovery device, for it is generally agreed its employment presupposes the requesting party knows the facts sought to be admitted and . merely desires to ascertain and circumscribe the contested factual issues that are to be ultimately litigated. In other words, the purpose “is to require admission of matters which ought to be admitted, or which will not be disputed at the trial, so that the time, trouble and expense required to prove them may be avoided.” Metropolitan Life Ins. Co. v. Carr, 169 F.Supp. 377. As otherwise stated, its purpose is to eliminate the necessity of proving uncontroverted facts. It may not, therefore, be applied to a controverted legal issue lying at the heart of a case. (Emphasis supplied.)
The procedure is not considered as pleading, was never intended to cover an entire case and every item of evidence, or to permit technical considerations to prevail to the detriment of substantial justice.
Voisin, supra, at 506, 507.
Particularly, in the context of a default judgment, these principles expressed in Voisin have application.. The plaintiff seeking to obtain a default judgment must establish the elements of a prima facie case with competent evidence, as fully as though each allegation in the petition had been denied. Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254 (La.1993). The unanswered Requests in this case merely mirror the unanswered allegations of the petition. Justice would not be served were we to allow the plaintiff to circumvent, through unanswered requests for admission, the requirement of presenting sufficient evidence to counter the presumption in this default judgment setting that the defendant has denied the allegations of the petition. The plaintiff in this instance may not establish the existence of a debt allegedly based upon a detailed contract which it failed to introduce into evidence and explain. The plaintiff wrote the contract, which purportedly allowed it to retroactively charge an additional policy premium against the insured, and must produce the contract and testimony (by affidavit or otherwise) explaining defendant’s breach to the satisfaction of the lower court. Clearly, the discretion of the court to require additional evidence was properly exercised.
Nevertheless, despite the proper exercise of the city court’s discretion rejecting plaintiffs insufficient evidence, the plaintiffs suit states an apparent cause of action which might yet be established by a subsequent confirmation proceeding or trial on the merits. See Griffin v. Pecanland Mall Ass’n, Ltd. 535 So.2d 770 (La.App. 2d Cir.1988). Therefore, the judgment[1] of the city court dismissing plaintiffs suit is reversed and the case is remanded to the city court for further *1006 proceedings consistent herewith. Costs of this appeal are assessed against the plaintiff.
REVERSED AND REMANDED.

. Although the court minutes reflect that judgment was properly denied at the conclusion of plaintiffs failed confirmation hearing, a judgment of dismissal was apparently later submitted by plaintiff to the city court and granted.