GUIDRY, J.,
concurring in part and dissenting in part.
| j While I agree, for the reasons explained herein, with the majority’s decision to reverse the trial court’s judgment, I believe the majority errs in remanding this matter back to the trial court. Because the record before us is complete, proper appellate review dictates that this court should render judgment pursuant to a de novo review of the record before us. See Ferrell v. Fireman’s Fund Insurance Co., 94-1252, p. 4 (La.2/20/95), 650 So.2d 742, 745. The majority justifies its action of remanding this matter by pointing out that credibility determinations are the province of the trial court; however, it fails to appreciate the fact that the trial court in this matter exercised that authority in this case and thereby expressly found that (1) the plaintiff was not credible and (2) the evidence was insufficient to establish a prima facie case. As a result of that determination by the trial court, the proper function of this court is to exercise our constitutional authority of de novo appellate review.
Moreover, the majority’s reliance on La. C.C.P. art. 1702(B)(2) to justify remand of this matter is equally improper. That article grants the trial court \ discretion to “require additional evidence in the form of oral testimony before entering judgment.” (Emphasis added.) The majority states that the trial court “intimated that corroboration with oral testimony was necessary.” However, the fact remains that while the trial court could have chosen to require additional oral testimony before entering judgment, it did not'do so.
The majority additionally attempts to justify remand of this matter by sua sponte observing in a footnote that “[w]e are reluctant to perform a de novo review that could result in this court rendering a judgment that, without any evidence in the record of service of process on the defendants, could be null.” Rule 2-1.11 of the Uniform Rules for the Louisiana Courts of Appeal states that “[sjubpoenas, notices, and returns may be omitted from the record, unless they are at issue. Such items may be supplied upon timely application to this court by any party, upon showing their materiality.” (Emphasis added.) See also Stout v. Henderson, 157 La. 169, 171, 102 So. 193 (1924) (wherein the court found “[tjhere is no law requiring that, in confirming a default, the citation and the return of the sheriff thereon should be formally offered in evidence.”); Richard v. Tri-J Industrial Construction, Inc., 478 So.2d 215, 216 (La.App. 3d Cir.1985)(wherein the court held “[njeither article 1701 nor article 1702 requires a trial judge to independently verify the preliminary default at the confirmation proceeding.”)
A failure to serve the defendants with citation in this case would render the preliminary default defective and any subsequent judgment rendered against the de *833 fendants an absolute nullity. However, because there is no proof, or even an allegation, of a lack of service in the record before us, the majority should not abdicate its responsibilities based on mere speculation. In Corte v. Cash Technologies, Inc., 02-0846, p. 7 (La.App. 1st. Cir.4/2/03), 843 So.2d 1162, 1166, this court observed that “the jurisprudence appropriately directs that we do not address whether service was validly effected.” Therefore, I respectfully dissent |sfrom the majority’s remand of this matter to the trial court in clear repudiation of the long-standing and well-established standards of appellate review.
Finally, as to the merits of the appeal, I would additionally point out that the purpose of our law with regard to judgments by default is not to coerce defendants into answering suits, but only to provide a method by which plaintiffs may obtain, when defendants do not answer, such relief as they may be actually entitled to. Russo v. Aucoin, 7 So.2d 744, 750 (La.App. 1st Cir.1942). I believe the excluded evidence of Whitstone’s affidavit and Gorman’s certified medical records were corroborating evidence that Gorman needed to establish a prima facie case for the claims asserted in his petition. A de novo review of Gor-man’s testimony of an unprovoked and unwarranted physical attack by the defendants, which testimony was corroborated by the medical evidence, photos, and affidavit offered into evidence by Gorman, reveals that Gorman established a prima facie case entitling him to confirmation of the default judgment. Thus, for these reasons, I find that the trial court’s judgment failing to confirm the default judgment should not only be reversed, but that on de novo review, this court should render judgment confirming the default judgment and award damages in favor of the plaintiff.
For these reasons, I respectfully concur in part and dissent in part from the majority opinion in this matter.
GUIDRY, J., concurs in part and dissents in part and assigns reasons.