803 So.2d 438 (2001)
Barney BURKS
v.
CAMBECK & PARTNERS.
No. 01-CA-948.
Court of Appeal of Louisiana, Fifth Circuit.
December 26, 2001.
Rehearing Denied January 22, 2002.
Owen W. Joyner, Law Offices of Sheryl Story, Metairie, LA, Counsel for Continental Insurance Company, Defendant-Appellant.
*439 John B. Fox, Robert W. "DOC" Booksh, Jr., New Orleans, LA, Counsel for Barney Burks, Plaintiff-Appellee.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
On May 9, 1990, the claimant, Barney Burks, was injured while working on scaffolding and trusses during the construction of an addition to Ninevah Baptist Church ("Ninevah"). At the time of the accident, Mr. Burks was working for Cambeck and Partners, Inc. Mr. Burks suffered multiple injuries as a result of this accident.
On March 6, 1995, Mr. Burks filed a disputed claim for compensation with the Office of Worker's Compensation Administration against Cambeck and Partners. Shortly thereafter, Mr. Burks added Ninevah Baptist Church as a defendant. On July 18, 1997, Ninevah filed a third-party demand alleging that Continental Insurance Company ("Continental") provided general liability and worker's compensation coverage for damages arising from the claims of Mr. Burks. Fidelity and Casualty Company of New York ("Fidelity") was a subsidiary of Continental, and Continental has since been purchased by CNA Insurance Company.
On July 6, 2000, trial of this matter was held. At the conclusion of trial, the worker's compensation judge left the matter open in order to provide counsel for CNA the opportunity to depose an additional witness and for the plaintiff and defendants to submit post-trial memorandums. On January 3, 2001, the worker's compensation judge rendered a decision awarding worker's compensation benefits to the plaintiff and finding that Fidelity and Casualty Company of New York had issued worker's compensation coverage to Cambeck and Partners and that CNA was liable for these benefits. The worker's compensation judge further found that CNA was arbitrary and capricious for their refusal to pay worker's compensation benefits and awarded penalties and attorney's fees. It is from this decision that CNA appeals.

LAW AND DISCUSSION
In its first assignment of error, CNA asserts that the worker's compensation judge erred in finding that CNA, Continental, or Fidelity issued a policy of worker's compensation insurance which would have covered the claims of Mr. Burks. They assert that the claimant did not prove the existence of a worker's compensation policy issued by Fidelity, Continental, or CNA because no policy of insurance was produced at trial, the only documentary evidence produced were billing records which did not refer to Fidelity, Continental, or CNA, and the records custodian of CNA testified that she could find no evidence of a worker's compensation policy being issued. The claimant asserts that the testimony of Mr. William Burney of Lewis Burney Insurance Agency along with his billing records is sufficient to establish that Fidelity issued a worker's compensation policy to Cambeck and Partners.
A plaintiff suing on an insurance contract has the burden of proving the existence of the policy sued on and that his claim falls within the terms of the policy. Barber v. Best, 394 So.2d 779, 781 (La.App. 4 Cir.1981). Generally, when an obligation is based on a writing, prima facie proof of the obligation requires introduction of the writing. Louisiana NBOA Const. and Self Insurers Fund v. Liu, 30,041 (La.App. 2 Cir. 12/10/97), 707 So.2d 1002, 1004; Travis v. Commercial Union Insurance Company, 89-576 (La.App. 1 Cir. 10/16/90), 569 So.2d 115, 118. However, there is a jurisprudential *440 exception to this rule when a plaintiff requests admissions of contractual coverage with the defendant or production of the policy, and the defendant fails to comply. Id.
In this case, the claimant did not produce a copy of the policy and it is CNA's contention that Fidelity did not issue a worker's compensation policy. Mr. Burks contends that he established the existence of the worker's compensation policy at trial because Cambeck and Partners dealt with Lewis Burney Insurance Agency to secure the necessary insurance prior to commencing the construction work at the church, and Mr. Burney testified that Fidelity had issued a worker's compensation policy. Mr. Burney indicated that he believes that this policy was issued based on his business' billing records, not his personal recollection. These records were admitted into evidence at the trial of this matter. However, during cross-examination, Mr. Burney admitted that the records show that a worker's compensation policy was issued, but they do not indicate that it was issued by Fidelity. Although Mr. Burney testified that Fidelity issued the general liability policy in this case and that he would typically place the worker's compensation with the same company that issued the liability policies, there is no evidence to establish that he did so in this case. A review of the billing records reflects that there is no indication as to which company issued the worker's compensation policy.
Ms. Netta Kline, the customer service representative in the residual market center for CNA, testified via deposition that it is her job to do follow-up work pertaining to assigned risk worker's compensation policies that were issued by Continental as far back as the mid-80's. She indicated that Fidelity was a subsidiary of Continental. She stated that she did a computer search and a manual search of the records of Continental by names and numbers and she could not find any record of a worker's compensation policy being issued by Fidelity to Cambeck. Although Mr. Burks contends that Ms. Kline's search was not accurate because another person at her company searched and found the builder's risk policy which she did not find and she admitted that it was possible that a worker's compensation policy had never been entered into the computer, Ms. Kline also testified that the alleged policy number of the Cambeck policy does not resemble a typical policy number issued by Fidelity or Continental.
A worker's compensation judge's factual finding cannot be disturbed on appeal unless it is manifestly erroneous or clearly wrong. Shaw v. Arc of St. Charles, 00-1193 (La.App. 5 Cir. 11/28/00), 776 So.2d 542, 545. When reviewing a factual finding of the worker's compensation judge, the appellate court asks whether the factfinder's conclusion was reasonable. Stobart v. State, through Department of Transportation and Development, 617 So.2d 880, 882 (La.1993); Sears v. Berg, Inc., 99-457 (La.App. 5 Cir. 9/28/99), 742 So.2d 760, 764. In this case, the worker's compensation judge's finding that Mr. Burks satisfied his burden of proving that Fidelity issued a worker's compensation policy to Cambeck is not supported by the record and is unreasonable.
At trial, Mr. Burks did not present sufficient evidence to establish the existence of a worker's compensation insurance policy issued by Fidelity. The claimant did not introduce a copy of the policy, a declaration sheet, a certificate of insurance, or any other documentary evidence to establish that it was Fidelity that issued a worker's compensation insurance policy to Cambeck. Furthermore, the testimony of Ms. Kline indicated that the alleged policy *441 number is not one that is consistently used by Fidelity and she testified that she could find no evidence of a worker's compensation policy. Although Mr. Burney testified that he believed that a worker's compensation policy was issued by Fidelity based on his business records and his usual practice of placing worker's compensation coverage with the same company that issued the general liability policy, the documents relied on by Mr. Burney do not reflect the name of the company that issued the worker's compensation policy. No representative of Cambeck was called to testify with regard to this or any other issue.
Although there are exceptions to the rule requiring production of a writing in order to enforce the obligations set forth in the writing, the only evidence presented by the claimant to show the existence of the policy was the testimony of Mr. Burney and his records, which clearly did not establish that Fidelity was the company who issued the policy. Considering the testimony and evidence in this case, it is clear that the claimant has failed to provide sufficient evidence that a worker's compensation policy was issued by Fidelity to Cambeck. Therefore, we find that the worker's compensation judge was clearly wrong in finding that Fidelity was the worker's compensation insurer of Cambeck on the date of the accident and liable for payment of worker's compensation benefits. Accordingly, we reverse the decision of the worker's compensation judge and deny the claimant's claim for worker's compensation benefits against Fidelity and/or CNA.
In the second assignment of error, CNA asserts that the worker's compensation judge erred in awarding penalties and attorney fees to the claimant on the basis that the defendants were arbitrary and capricious for refusing to pay worker's compensation benefits. Due to our ruling that the claimant did not prove that he was entitled to recover from Fidelity or CNA, we find that the claimant is not entitled to penalties and attorney fees from Fidelity or CNA.
Along with his response to CNA's appeal, the claimant filed a "cross-appeal" alleging that he is entitled to an increase in the attorney fees awarded by the worker's compensation judge, as well as an additional award of attorney fees for this appeal and legal interest on the judgment for medical expenses. However, considering our ruling that the claimant has failed to establish Fidelity or CNA's liability for worker's compensation benefits, we find that the plaintiff is not entitled to any of the recovery sought in his "cross-appeal."
For the reasons set forth above, we reverse the decision of the worker's compensation judge and find that Fidelity and/or CNA is not liable for worker's compensation benefits or penalties and attorney fees in this case.
REVERSED.