834 So.2d 968 (2002)
Barney BURKS
v.
CAMBECK & PARTNERS.
No. 2002-C-0324.
Supreme Court of Louisiana.
October 15, 2002.
John B. Fox, Robert W. Booksh, Jr., for Applicant.
Owen W. Joyner, for Respondent.
PER CURIAM.
We granted certiorari in this case to consider whether the court of appeal erred in reversing the finding of the workers' compensation hearing officer that the defendant insurer provided workers' compensation insurance. For the reasons assigned, we conclude that the workers' compensation hearing officer did not err in so finding, and therefore reverse the judgment of the court of appeal.

FACTS AND PROCEDURAL HISTORY
The underlying facts of this case are undisputed. Barney Burks was employed as a carpenter by Cambeck and Partners, Inc. ("Cambeck"), which acted as a subcontractor on a construction project on the grounds of Nineveh Baptist Church ("Nineveh"). On May 9, 1990, the wood framing of the building under construction collapsed, causing injury to Mr. Burks.
After the accident, Mr. Burks filed a disputed claim for workers' compensation benefits against Cambeck. Shortly thereafter, Mr. Burks added Nineveh as a defendant. In turn, Nineveh filed a third-party demand against CNA Insurance Company ("CNA").[1]
*969 CNA subsequently filed a motion for summary judgment, seeking the dismissal of all claims against it. In its motion for summary judgment, CNA did not deny the existence of a workers' compensation policy, but argued the policy was canceled prior to Mr. Burks' accident. In support, CNA offered the affidavit of William T. Burney, the executive vice president of the Lewis-Burney and Associates insurance agency. Mr. Burney attested that he was the agent on a workers' compensation policy issued by CNA to Cambeck, but that to the best of his recollection, the policy was canceled for non-payment of premiums prior to Mr. Burks' 1990 accident.
Nineveh opposed the motion for summary judgment, asserting that Mr. Burney admitted during a subsequent deposition that he did not have personal knowledge as to whether the workers' compensation policy issued to Cambeck had been canceled.
After considering the motion and opposition, the workers' compensation hearing officer denied the motion for summary judgment. The case then proceeded to trial on the merits.
At trial, CNA argued, for the first time, that it had never issued a workers' compensation insurance policy to Cambeck. It produced a deposition from Netta Kline, a CNA customer service representative, who testified she did a computer search and a manual search of CNA's records by names and numbers and that she could not find any record of a workers' compensation policy issued by CNA to Cambeck.
Mr. Burks introduced Mr. Burney's testimony in support of his contention that CNA issued a workers' compensation policy to Cambeck. While Mr. Burney could not produce a copy of the policy, he testified that Cambeck dealt with the Lewis-Burney insurance agency to secure the necessary insurance prior to commencing the construction work at the church. The insurance agency's billing records indicate that a new "COMP" policy bearing the number C573089 was issued on the account of "Cameback [sic] & Partners, Inc.," for which a premium of $2,883 was paid. Based on these records, Mr. Burney indicated that he believed CNA did issue a workers' compensation policy to Cambeck. Mr. Burney also pointed out that CNA issued the general liability policy covering the Nineveh construction project, and he testified that he typically placed the workers' compensation policy with the same company that issued the liability policy. Mr. Burks also disputed the accuracy of Ms. Kline's testimony. He questioned the completeness of her search, noting she admitted that another CNA employee was able to find the builder's risk policy issued on the Nineveh construction project which did not turn up in her search. He further pointed out she conceded it was possible a policy number was issued and just not entered into the computer; that the policy may have existed under the names of additional insureds, for which she did not search; that she may not have all of the predecessor companies' policy numbers; and that she did not attempt to search accounting records to determine who received the premium paid.
Following trial, the workers' compensation hearing officer rendered judgment awarding Mr. Burks workers' compensation benefits.[2] The hearing officer also *970 found that Mr. Burks met the requisite burden of proof to establish that CNA was the insurer of Cambeck on the date of the accident, and that CNA was liable to Mr. Burks for these benefits. Finally, the hearing officer found that CNA was arbitrary and capricious in its refusal to pay workers' compensation benefits, and therefore assessed penalties and attorney's fees.
CNA appealed. The court of appeal reversed, concluding that neither Mr. Burney's testimony nor the insurance agency's billing records constituted sufficient proof that CNA issued a workers' compensation insurance policy to Cambeck. Burks v. Cambeck & Partners, 01-948 (La.App. 5th Cir.12/26/01), 803 So.2d 438.
Upon Mr. Burks' application, we granted certiorari to review the correctness of that ruling. Burks v. Cambeck & Partners, 02-0324 (La.5/10/02), 815 So.2d 830.

DISCUSSION
The narrow issue presented is whether the hearing officer erred in finding an insurance policy was in effect and provided coverage to Mr. Burks at the time of his accident. In resolving this question, we find it significant that in its motion for summary judgment in this case, CNA admitted that the policy had been issued.[3] Because CNA admitted the policy had been issued (although it contended the policy was later canceled), it is now precluded from denying its existence. See La. Civ.Code art. 1853.
Having found the policy was issued, we must now determine whether CNA proved that the policy provided no coverage for the claim at issue. Based on our review of the record, we find CNA failed to meet this burden. Other than Mr. Burney's affidavit (which was later called into question by his deposition testimony), CNA introduced no evidence to show that the policy was canceled for non-payment of premiums. Likewise, it produced no evidence that the policy, by its terms, did not provide coverage for Mr. Burks' accident. Under these circumstances, we cannot say the workers' compensation hearing officer erred in finding that the policy was not canceled on the date of the accident and that it provided coverage for the accident.
In its appeal, CNA raised other issues, such as the correctness of the hearing officer's award of penalties and attorney's fees. Because the court of appeal found no policy existed, it did not reach these other issues. Accordingly, we will remand this case to the court of appeal for consideration of the remaining issues presented in CNA's appeal.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed, and the judgment of the Office of Workers' Compensation is hereby reinstated. This case is remanded to the court of appeal for consideration of CNA Insurance Company's remaining assignments of error. All *971 costs in this court are assessed against CNA.
VICTORY, J., concurs.
NOTES
[1] The demand was actually filed against Continental Insurance Company, whose subsidiary, the Fidelity and Casualty Company of New York, allegedly issued the policy. Continental has since been acquired by CNA. For simplicity, we will refer to these entities collectively as CNA.
[2] The hearing officer concluded that Mr. Burks is entitled to the payment of temporary total disability benefits from May 9, 1990, the date of the accident, through December 22, 1997, and for any period of disability thereafter, and to the payment of all medical expenses, medication expenses, and transportation expenses for his injury.
[3] In its motion for summary judgment, CNA stated:

Attached hereto is a copy of the Affidavit of William T. Burney filed herein on May 8, 1998, wherein Mr. Burney attested to the fact that, as executive vice-president of Lewis Burney & Associates, Inc., he was the agent on a workers' compensation policy issued by Fidelity & Casualty Company of New York, formerly one of the Continental Insurance Companies, now one of the CNA Companies, to Cambeck & Partners, Inc.... [emphasis added]