2WALTER J. ROTHSCHILD, Judge.
This case is on remand from the Louisiana Supreme Court.

FACTS AND PROCEDURAL HISTORY

On May 9, 1990, the claimant, Barney Burks, was injured while working on a construction project at the Ninevah Baptist Church (“Ninevah”). At the time of the accident, Mr. Burks was employed by Cambeck and Partners, Inc. (“Cambeck”).
Mr. Burks filed a disputed claim for worker’s compensation benefits against Cambeck on March 6, 1995, and later added Ninevah as a defendant. Thereafter, Ninevah filed a third-party demand *131 against CNA Insurance Co. (“CNA”), asserting that Mr. Burks’ claims should be covered by a worker’s compensation policy issued by CNA to Cambeck.
At trial, CNA argued that it had never issued a worker’s compensation policy to Cambeck.[1] However, the worker’s compensation judge rendered a decision awarding worker’s compensation benefits to Mr. Burks and finding that [ ¡¡CNA was liable for these benefits because the claimant met his burden of proving that CNA was the insurer of Cambeck on the date of the accident. The worker’s compensation judge also found that CNA had been arbitrary and capricious for refusing to pay worker’s compensation benefits to Mr. Burks and awarded penalties and attorney fees.
CNA filed an appeal and asserted the following two assignments of error:
1) The trial court erred in finding that CNA Insurance Company, Continental Insurance Company, or Fidelity and Casualty Company of New York issued a policy of worker’s compensation or provided any insurance which would have covered this claim.
2) The trial court erred in awarding plaintiff penalties and attorney fees.
This Court found merit in CNA’s first assignment of error and reversed the decision of the worker’s compensation judge, finding that the testimony and evidence presented at trial was insufficient to establish that CNA issued a worker’s compensation policy to Cambeck. Burks v. Cambeck and Partners, 01-948 (La.App. 5 Cir. 12/26/01), 803 So.2d 438. Based on this ruling, we pretermitted CNA’s second assignment of error. Mr. Burks sought writs to the Louisiana Supreme Court.
The Supreme Court granted Mr. Burks’ application for writ of certiorari and/or review on May 10, 2002. Burks v. Cambeck and Partners, 02-324 (La.5/10/02), 815 So.2d 830. On October 15, 2002, the Supreme Court rendered a per curiam opinion finding that the worker’s compensation judge was not manifestly erroneous in finding that CNA issued a worker’s compensation- to Cambeck and that this policy was in effect at the time of the accident. Burks v. Cambeck and Partners, 02-324 (La.10/15/02), 834 So.2d 968. This Court’s previous opinion was reversed and the decision of the worker’s compensation judge was reinstated. The Supreme Court remanded the case to this Court for consideration |4of CNA’s remaining assignment of error, which was pretermitted on original appeal. Id.

DISCUSSION

In her decision, the worker’s compensation judge found that CNA had been arbitrary and capricious in refusing to pay worker’s compensation benefits to Mr. Burks, and CNA was ordered to pay a $2,000.00 penalty and $5,000.00 in attorney fees. In its second assignment of error on original appeal, CNA argued that the award of penalties and attorney fees was not warranted.
Penalties and attorney’s fees are authorized under LSA-R.S. 23:1201 F when an employer fails to commence payment of benefits, unless the claim is reasonably controverted. J.E. Merit Constructors, Inc. v. Hickman, 00-943 (La.1/17/01), 776 So.2d 435, 437. LSA-R.S. 23:1201 F(1) provides in part that “[s]uch penalty and attorney fees shall be *132 assessed against either the employer or the insurer, depending upon fault.” An award of attorney fees in a worker’s compensation case is penal in nature, as it is intended to discourage indifference and undesirable conduct by employers and insurers. Id. at 438. The determination of whether penalties and attorney fees should be assessed against an employer or insurer is a question of fact which will not be reversed on appeal absent a showing of manifest error. Ardoin v. Kipling Korner Grocery, 01-1596 (La.App. 3 Cir. 4/17/02), 824 So.2d 371, 374.
In its opinion, the Supreme Court found that CNA was precluding from denying the existence of a worker’s compensation policy, because it had previously admitted issuing such a policy to Cambeck. Burks v. Cambeck and Partners, 02-324 (La.10/15/02), 834 So.2d 968. Therefore, we have considered the worker’s compensation judge’s award of penalties and attorney fees in a situation where CNA was precluded from denying that a worker’s compensation policy existed and it failed to pay benefits to Mr. Burks. We find | sthat an award of penalties and attorney fees in such circumstances is not manifestly erroneous. Accordingly, we affirm the worker’s compensation judge decision awarding penalties and attorney fees in this case.

DECREE

For the reasons set forth above, we affirm the decision of the worker’s compensation judge ordering CNA to pay a $2,000.00 penalty and $5,000.00 in attorney fees.

AFFIRMED.

. It is alleged that Fidelity and Casualty Company of New York, which was a subsidiary of Continental Insurance Company, issued the policy to Cambeck. However, CNA later acquired Continental, so we will refer to CNA when speaking of Fidelity, Continental, or CNA, in lieu of naming each entity separately.