776 So.2d 435 (2001)
J.E. MERIT CONSTRUCTORS, INC.
v.
Zeno HICKMAN.
Zeno Hickman
v.
J.E. Merit Constructors, Inc.
No. 2000-C-0943.
Supreme Court of Louisiana.
January 17, 2001.
Rehearing Denied February 16, 2001.
Kirk L. Landry, Baton Rouge, Counsel for Applicant.
William H. Goforth, Lafayette, Counsel for Respondent.
*436 PER CURIAM.
At issue in this workers' compensation matter is whether the court of appeal erred in awarding claimant an additional $7,500 in attorney's fees for what it determined were further arbitrary and capricious acts by the employer. For the reasons assigned, we now reverse that portion of the court of appeal's judgment.

FACTS AND PROCEDURAL HISTORY
In 1990, Zeno Hickman began working for J.E. Merit Constructors, Inc. ("Merit"), a Baton Rouge-based construction company, as a carpenter assigned to the Dow Chemical plant in Plaquemine, Louisiana. Mr. Hickman was expected to work forty hours per week, weather permitting and if work was available; however, Merit did not guarantee a forty-hour work week.[1] In October 1994, Mr. Hickman injured his back while in the course and scope of his employment. Following the injury, Merit paid Mr. Hickman temporary total disability ("TTD") benefits of $304.80 weekly.
In March 1996, Mr. Hickman underwent a functional capacity evaluation and was discharged to sedentary, light-duty work with certain restrictions. In particular, it was recommended that Mr. Hickman not drive for more than one hour without stopping. Thereafter, Merit retained a vocational rehabilitation counselor to evaluate Mr. Hickman's ability to return to the workforce. The vocational rehabilitation counselor forwarded six job descriptions to Mr. Hickman's treating physicians, all of whom agreed that one or more of the jobs were appropriate for Mr. Hickman and within his physical limitations. On February 12, 1997, Mr. Hickman underwent a second functional capacity evaluation; this evaluation also placed him in light-duty work with restrictions. By letter dated February 17, 1997, the vocational rehabilitation counselor forwarded to Mr. Hickman's attorney the specific employer and contact persons for each of the job descriptions earlier provided. Mr. Hickman apparently attempted to contact each of the listed employers, but found that he was not qualified for the jobs or that the available jobs could not accommodate his physical limitations. Nevertheless, on February 27, 1997, ten days after it forwarded the information, Merit converted Mr. Hickman's TTD benefits to supplemental earnings benefits ("SEBs").
In August 1997, Merit offered Mr. Hickman a light-duty carpenter's job at the Borden Chemical plant located in Geismar, Louisiana, some 60 miles from Mr. Hickman's home, which paid more than Mr. Hickman had been earning prior to his injury. Mr. Hickman's attorney responded seeking further information about the position. In September 1997, a second letter was forwarded to Mr. Hickman via his attorney, providing a job description and stating that the job would be modified for light duty and within Mr. Hickman's physical limitations. Mr. Hickman was given seven days to respond to Merit's offer. Having already found employment as a security guard,[2] Mr. Hickman did not accept the Geismar job. In October 1997, Merit terminated SEBs.
Mr. Hickman subsequently filed suit against Merit and its insurer, seeking penalties and attorney's fees for Merit's premature conversion of TTD benefits to SEBs and for wrongful termination of SEBs. After a two-day trial, the workers' compensation judge agreed that Merit prematurely converted Mr. Hickman's TTD benefits to SEBs, on the ground that the vocational rehabilitation provided by Merit *437 was insufficient. Finding Merit's conduct in this regard was arbitrary and capricious, the workers' compensation judge awarded Mr. Hickman $2,000 in penalties and $3,000 in attorney's fees.
However, the workers' compensation judge found that Merit was not arbitrary and capricious in terminating Mr. Hickman's SEBs. The workers' compensation judge acknowledged Mr. Hickman's medical restrictions and the distance of the Geismar plant from Mr. Hickman's home, but made specific findings of fact that the offer of employment at the Geismar plant was within the employer's geographic location, and that the driving time was reasonable and within the restrictions placed upon Mr. Hickman by his physicians. Based on this reasoning, the workers' compensation judge concluded that Merit was not responsible for SEBs beyond its offer of employment at a job paying 90% or more of Mr. Hickman's pre-accident wages, and she refused to award penalties and attorney's fees on this issue.
Mr. Hickman appealed the judgment rendered by the workers' compensation judge, and Merit answered the appeal. The Court of Appeal, Third Circuit affirmed in part and reversed in part.[3] The court agreed with the workers' compensation judge that Merit prematurely converted Mr. Hickman's TTD benefits to SEBs, and affirmed her assessment of penalties and attorney's fees on that issue. However, the court of appeal reversed the workers' compensation judge's ruling that Mr. Hickman was a part-time employee, and reversed her determination that despite Mr. Hickman's medical restrictions, he was reasonably able to travel the distance to the Geismar job. The court further concluded Merit acted arbitrarily and capriciously in deeming Mr. Hickman to be a part-time employee and in terminating SEBs. For these actions, the court of appeal awarded Mr. Hickman an additional $7,500 in attorney's fees.
Upon Merit's application, we granted certiorari solely to consider the issue of attorney's fees.[4]

DISCUSSION
Assuming, without deciding, that the court of appeal correctly reversed the judgment of the workers' compensation judge with regard to Merit's termination of SEBs due to the availability of other employment and its calculation of benefits based on part-time rather than full-time employment, the sole issue presented for our consideration is whether Merit's actions in this regard rise to the level of being arbitrary, capricious, or without probable cause.[5]
Under La. R.S. 23:1201.2, reasonable attorney's fees are awarded as a penalty under the workers' compensation law when an employer discontinues payment of benefits, "when such discontinuance is found to be arbitrary, capricious, or without probable cause."[6] Arbitrary and capricious behavior is willful and unreasonable action, without consideration and regard *438 for the facts and circumstances presented. Williams v. Rush Masonry, Inc., 98-2271, p. 8 (La.6/29/99), 737 So.2d 41, 45-46. An award of attorney's fees in a workers' compensation case is essentially penal in nature, as it is intended to discourage indifference and undesirable conduct by employers and insurers. Sharbono v. Steve Lang & Son Loggers, 97-0110 (La.7/1/97), 696 So.2d 1382 (citations omitted). Attorney's fees should not be imposed in doubtful cases, where a bona fide dispute exists as to the employee's entitlement to benefits, and the mere fact that an employer loses a disputed claim is not determinative. Id.
Applying these precepts to the case before us, it is clear that Merit's actions in terminating Mr. Hickman's SEBs based on the availability of other employment and in calculating benefits based on part-time rather than full-time status, even if legally incorrect, do not rise to the level of being arbitrary, capricious, or without probable cause. In both instances, a bona fide dispute existed between Merit and Mr. Hickman concerning the facts and the law. Significantly, the workers' compensation judge found in favor of Merit on both disputed issues. While these substantive determinations were later reversed on appeal, the finding of the workers' compensation judge in favor of Merit is virtually conclusive that its actions were reasonable and were not arbitrary and capricious. If this were not so, it would suggest that the workers' compensation judge's ruling in favor of Merit was itself arbitrary and capricious. It would very rarely be appropriate for an appellate court to award attorney's fees based on employer actions which the trier of fact previously found did not rise to the level of being arbitrary and capricious (and in fact found to be meritorious).
Accordingly, we must reverse the judgment of the court of appeal insofar as it finds arbitrary and capricious acts by the employer beyond those found by the workers' compensation judge, and insofar as it awards Mr. Hickman additional attorney's fees in the amount of $7,500.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed insofar as it awards an additional $7,500 in attorney's fees against J.E. Merit Constructors, Inc. for arbitrary and capricious acts beyond those found by the workers' compensation judge.
KNOLL, J., dissents and assigns reasons.
KNOLL, J., dissenting.
I respectfully dissent from the majority's decision which strips claimant's counsel of attorney's fees in the case sub judice. It is all too often the case that it is only through the diligence of trial/appellate counsel that worker's compensation claimants receive sums and penalties that had heretofore been unjustly denied. See McCarroll v. Airport Shuttle, Inc., 00-1123 (La.11/28/00), 773 So.2d 694 (Knoll, J., dissenting). In the present case, it was appellate counsel who vigorously advocated that Merit was arbitrary and capricious in its classification of Hickman as a part-time employee despite Merit's expectation that he be available full-time and in its termination of Hickman's SEBs when the identified work was one hour and twenty minutes away.
Instead of stressing Merit's arbitrariness and capriciousness, the majority improperly mollifies Merit's conduct by focusing on the hearing officer's legally erroneous determination of these two issues. In so doing, the majority ignores counsel's reversal of these errors through the appellate process. Accordingly, I would not disturb the appellate court's award of well deserved attorney's fees.
NOTES
[1] In fact, from January through October 1994 (a total of 45 weeks), Mr. Hickman worked only 13 forty-hour weeks. Based on this work history, the workers' compensation judge concluded that Mr. Hickman was a part-time employee.
[2] Mr. Hickman found the security guard job on his own, independently of any vocational rehabilitation efforts made by his employer. However, it paid $5 per hour, far less than Mr. Hickman earned prior to his injury.
[3] J.E. Merit Constructors, Inc. v. Hickman, 99-1389 (La.App. 3d Cir.3/1/00), 758 So.2d 320.
[4] J.E. Merit Constructors, Inc. v. Hickman, 00-0943 (La.6/2/00), 762 So.2d 1114.
[5] Because the grant of certiorari was limited to the issue of attorney's fees, we have not reviewed the merits of the court of appeal's decision, and we express no opinion on the correctness of the court of appeal's holding.
[6] In instances where the employer fails to commence payment of benefits, penalties and attorney's fees are authorized under La. R.S. 23:1201 F, unless the claim is reasonably controverted. See McCarroll v. Airport Shuttle, Inc., 00-1123 (La.11/28/00), 773 So.2d 694. However, because the instant case involves discontinuation of benefits rather than failure to provide benefits, La. R.S. 23:1201.2, not La. R.S. 23:1201 F, applies. See Williams v. Rush Masonry, Inc., 98-2271, p. 6 (La.6/29/99), 737 So.2d 41, 45 ("[s]ince this 1995 amendment, Section 1201.2 now addresses solely the discontinuance of payment of claims, while Section 1201 now addresses solely the timeliness of commencement of benefit payments and timeliness of continued payments.")