hYELVERTON, Judge.
Lawrence Habetz Roofing Company (Habetz) appeals a judgment of the Office of Workers’ Compensation which found Jeremy Lejeune was entitled to supplemental earnings benefits (SEB) and all reasonable and necessary medical treatment. Attorney’s fees and penalties were also assessed. Lejeune answered the appeal, seeking an increase in the amount of penalties and attorney’s fees.
FACTS
Lejeune was employed by Habetz as a roofer. It was stipulated that he was injured in the course and scope of his employment on December 4, 1997, in an automobile accident. From December 5, 1997 through October 15, 1998, Habetz paid Le-jeune temporary total disability benefits at the rate of $206.68 a week. On October 15, 1998, Habetz converted Lejeune’s benefits to SEB, at which time he began receiving $888.73 a month. On August 31, 1999, Habetz reduced Lejeune’s SEB to $277.36 per month based on the availability of what it considered suitable jobs. Due to this last reduction in SEB, Lejeune filed a disputed claim for compensation.
A trial was held on July 12, 2000. After considering the evidence, the workers’ compensation judge found that Habetz met its burden of proving that Lejeune had some wage-earning capacity. She determined that Lejeune was capable of a fifteen-hour work week at minimum wage beginning April 19, 1999. She assessed attorney’s fees and pénalties because she found Habetz was unreasonable in concluding that Lejeune could work the maximum number of hours. Judgment was signed October 5, 2000.
I .COMPUTATION OF SEB RATE
Habetz argues that the workers’ compensation judge should use the maximum earning capacity in computing Le-jeune’s SEB rate because he was working full-time while employed at Habetz. Ha-betz claims that she used a lower number of hours based on a part-time'job because Lejeune was attending college. Habetz argues that it should not be penalized because Lejeune decided to attend college.
We are mindful that the manifest error standard of review governs the review of an SEB claim. Town of Basile v. Clark, 99-1261 (La.App. 3 Cir. 5/31/00); 769 So.2d 591, writ denied, 00-2002 (La.10/27/00); 772 So.2d 124.
The workers’ compensation judge alluded to the case of Foreman v. West Calcasieu-Cameron Hosp., 625 So.2d 1104 (La.App. 3 Cir.1993), writ denied, (La.1/7/94); 631 So.2d 450, in her reasons for judgment. Foreman held that the employer’s offer of a light-duty job to the claimant, which would have required the claimant to work between the hours of 11:00 p.m. and 7:00 a.m., was not a reasonable offer where the claimant was the mother of a six-month-old infant whom she was nursing in addition to the fact that she could not find childcare during the night shift.
In Tassin v. Cigna Ins. Co., 583 So.2d 1222 (La.App. 3 Cir.1991), this court found that claimant was entitled to SEB after the date the treating physician released him to return to light-duty work, even though he had elected to go to college rather than return to some form of employment. However, this court focused on the claimant’s ability to work and found that the employer had failed to prove that employment which claimant was physically able to perform had been offered or was available as required by Louisiana Revised Statute 23:1221(3)(c)(i).
*1183 In the present case, the fact that Le-jeune was attending college was not the workers’ compensation judge’s only reason for finding that a part-time job was more | «appropriate for Lejeune. In remarking on Lejeune’s medical condition the workers’ compensation judge stated:
Further, I used the lower number of hours not only because it’s the lowest but Dr. Cobb’s medical records and most recently do indicate some continued complaints. Apparently, Mr. Le-jeune does continue to have good times and bad times. I think the fifteen hours per week would most appropriately accommodate the continuing nature of his problems.
A progress note from Dr. John Cobb referenced an April 10, 2000 office visit relating to his neck and back pain. At that time, Lejeune was still complaining of a lot of positional intolerance. Dr. Cobb indicated that at Lejeune’s age this difficulty is something he can try to live with but that he does have some disc-related symptoms and the only other option would be surgery.
Theresa Loos, the vocational case manager assigned to Lejeune’s case, identified several positions available to Lejeune. Loos agreed that going to college was a good idea and testified that she tried to find employment that would fit his school schedule. Loos found eight jobs that she thought would be appropriate for Lejeune. These jobs were all approved by Dr. Cobb, except for one video store job which was similar to a job he had already approved. There was a ninth job at a hotel in Kinder, which Loos agreed was not a reasonable choice because Lejeune would have to travel 47 miles to the job from his home in Eunice. Furthermore, many of the positions had already been filled.
Of the two full-time positions still available, one was at Expressions in Rayne in sales of paint and decorating supplies. Lejeune testified that when he called about the position, he was told that it was going to be a heavy-duty position. The job description given to Dr. Cobb classified it as light-duty. The other available full-time position was with a company called Snacks on Wheels. This required Lejeune to |4drive to Lafayette to pick up a truck and then drive to Crowley where he would sell snack items in the neighborhoods. He would then be required to drive the truck back to Lafayette. Lejeune would have to travel 44.1 miles from his house to Lafayette to pick up the truck, and back home again. If driving 47 miles to Kinder was not appropriate, this job would also be inappropriate.
We therefore agree with the workers’ compensation judge that the part-time video rental job was the most appropriate job available to Lejeune. We find no error in the workers’ compensation judge’s finding that the evidence established that part-time work was the' most appropriate position for Lejeune under the circumstances.
PENALTIES AND ATTORNEY’S FEES
Habetz claims that the workers’ compensation judge applied the wrong standard in determining that penalties and attorney’s fees were warranted. In deciding to award penalties and attorney’s fees the. workers’ compensation judge stated (emphasis supplied):
The only remaining issue is the penalties and attorney’s fees. I have decided. I was questionable some what [sic] on the issue, but I have decided that I am going to award them. I do think the employer acted within its rights. The rehab work was good. It was good rehab work for the most part, but at the same time there did come a judgment call as to what precisely the wage-earn *1184 ing capacity should be, and the benefit of the doubt was not given to Mr. Le-jeune, and I think that — I don’t think it was reasonably controverted.
The supreme court recently discussed the difference between Louisiana Revised Statutes 23:1201.2 and 23:1201(F), stating:
In instances where the employer fails to commence payment of benefits, penalties and attorney’s fees are authorized under La. R.S. 23: 1201 F, unless the claim is reasonably controverted. See McCarroll v. Airport Shuttle, Inc., 001123 (La.11/28/00), 773 So.2d 694. However, because the instant case involves discontinuation of benefits rather than failure to provide benefits, La. R.S. 23:1201.2, not La.R.S. 23:1201 F, |sapplies. See Williams v. Rush Masonry, Inc., 98-2271, p. 6 (La.6/29/99), 737 So.2d 41, 45 (“[s]ince this 1995 amendment, Section 1201.2 now addresses solely the discontinuance of payment of claims, while Section 1201 now addresses solely the timeliness of commencement of benefit payments and timeliness of continued payments.”)
J.E. Merit Constructors, Inc. v. Hickman, 00-943, p. 5 (La.1/17/01); 776 So.2d 435, 437 n. 6 (alteration in original).
The present case involved the discontinuance of SEB based on a zero-earning capacity to SEB based on a minimum wage, at a full-time job. Therefore, Louisiana Revised Statute 23:1201.2 would apply. Louisiana Revised Statute 23:1201.2 provides that reasonable attorney’s fees are awarded as a penalty under the workers’ compensation law when an employer discontinues payment of benefits, and “such discontinuance is found to be arbitrary, capricious, or without probable cause.... ” “Arbitrary and capricious behavior is willful and unreasonable action, without consideration and regard for the facts and circumstances presented.” J.E. Merit, 776 So.2d at 437-38. “An award of attorney’s fees in a workers’ compensation case is essentially penal in nature, as it is intended to discourage indifference and undesirable conduct by employers and insurers.” Id. “Attorney’s fees should not be imposed in doubtful cases, where a bona fide dispute exists as to the employee’s entitlement to benefits, and the mere fact that an employer loses a disputed claim is not determinative.” Id. Furthermore, Louisiana Revised Statute 23:1201.2 does not provide for an assessment of penalties in the case of discontinuance of payment. Insurance Co. of North America v. Labit, 99-2448, 99-2449 (La.App. 1 Cir. 11/15/00); 772 So.2d 385.
The workers’ compensation judge admitted that it was a questionable call on whether to award penalties and attorney’s fees. She recognized that the rehabilitation ^efforts by Habetz were good. She further stated that she did not think that “the punitive factor [was] real, real strong.”
The dispute in this case centered around whether SEB should be computed with a part-time earning capacity versus a full-time earning capacity. Habetz determined that Lejeune could return to full-time employment at the jobs located for him. This determination was not arbitrary and capricious, but was based on the fact that Le-jeune had worked full-time with Habetz before the accident and Dr. Cobb had released Lejeune to those jobs based on the descriptions he was given.
We do not find Habetz’s actions were arbitrary and capricious. For these reasons the workers’ compensation judge erred in awarding penalties and attorney’s fees. Therefore, it is unnecessary to address Lejeune’s assignments of error concerning the amount of penalties and attorney’s fees.
*1185 For the above reasons, the judgment of the Office of Workers’ Compensation is affirmed as to the award of SEB to Le-jeune. The award of penalties and attorney’s fees is reversed. Costs of this appeal are assessed to Lawrence Habetz Roofing Company.
AFFIRMED IN PART AND REVERSED IN PART.