789 So.2d 567 (2001)
Betty F. WILLIS
v.
ALPHA CARE HOME HEALTH.
No. 2001-C-0638.
Supreme Court of Louisiana.
June 15, 2001.
PER CURIAM.[*]
Plaintiff filed a claim seeking benefits and medical expenses for a hand injury she reported as having occurred while in the course and scope of her employment in May, 1997. Two physicians who examined plaintiff reported that they found no objective signs of injury. The adjuster assigned to investigate the claim retained an investigator to perform surveillance on the plaintiff.
*568 After a trial during which the plaintiff and the adjustor testified and the surveillance films were admitted, the trial judge denied altogether plaintiff's claim for compensation benefits and medical expenses. The trial judge found that plaintiff had a pre-existing injury to the hand, that there was no objective evidence of an on-the-job injury, that plaintiffs complaints of the exact body part injured were inconsistent, and that the surveillance films admitted showed that she could use her hand for normal tasks, contrary to her testimony.
On appeal, the court of appeal reversed the ruling of the trial judge, finding that although plaintiff had an asymptomatic pre-existing injury, she did suffer an incident to her hand on the job, reported it promptly, and thereafter became symptomatic. The appeal court concluded based on this evidence that plaintiff was entitled to benefits and expenses as a matter of law. It additionally awarded attorney fees and penalties, concluding that the defendant had acted arbitrarily and capriciously. We now grant defendant's application for a writ of certiorari for the limited purpose of reviewing the appeal court's award of attorney fees and penalties.
Attorney fees are not due to a claimant where the defendant has a bona fide dispute as to whether the employee is entitled to benefits. J.E. MERIT CONSTRUCTORS INC. V. HICKMAN, 00-0943 (La.1/17/01), 776 So.2d 435. Under the circumstances of this case and particularly in view of the trial judge's assessment of the plaintiffs testimony as so lacking in credibility as to justify a complete denial of plaintiff claim, we believe the court of appeal erred in finding that defendant was arbitrary and capricious. As we recently held in HICKMAN, supra, the findings of a worker's compensation judge in favor on the defendant denying benefits is virtually conclusive that the actions of the defendant were reasonable and not arbitrary and capricious. We noted that "it would very rarely be appropriate for an appellate court to award attorney's fees based on employer actions which the trier of fact previously found did not rise to the level of being arbitrary and capricious (and in fact found to be meritorious)." See also, MCCARROLL V. AIRPORT SHUTTLE, 00-1123 (La.11/28/00), 773 So.2d 694.

DECREE
For the reasons assigned the judgment of the court of appeal is reversed insofar as it awards $7,500 in attorney fees and $4000 in penalties against Alpha Care Home Health for arbitrary and capricious conduct. Otherwise, the writ is denied.
NOTES
[*] Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.