CLARENCE E. McMANUS, Judge.
At issue in this workers’ compensation case is whether claimant is entitled to supplemental earnings benefits and attorney fees. For the following reasons, we affirm in part and reverse in part.

FACTS AND PROCEDURAL HISTORY

Claimant, Randy Williams, was the owner and operator of a franchise purchased from Enmon Enterprises, Inc., d/b/a Jani-King of New Orleans, (hereinafter referred to as “employer”). In May 1993, claimant was injured while cleaning an office in the course and scope of his employment when he slipped on a wet floor. He sustained injuries to his leg, back and left side. Claimant’s medical records indicate that he saw several orthopedic surgeons from 1993 through at least 1999 and that he received physical therapy.
He received temporary total disability benefits (“TTD”) from June 6, 1993 to July 2, 1993. Thereafter, he returned to work in a light-duty capacity for various employers. He received supplemental earnings benefits (“SEBs”) from the end of July 1997 to August 1999. In August 1999, claimant applied for full-duty, unrestricted employment with Delta Catering Management, L.L.C., a company which provides services to offshore oil drilling rigs and production platforms. He was hired as a utility hand on an offshore platform. His wage was $5.35 an hour for two weeks on duty and one week off. His shift was twelve hours on and twelve hours off duty. Claimant actually worked and was paid for two two-week “hitches” from August 27, 1999 to September 3, 1999 and September 17, 1999 to | ¡¡October 1, 1999. Defendants contend claimant was fired from Delta for *725 theft. Claimant contends he quit because the work exceeded his physical limitations but admitted receiving a termination notice from Delta. In December 1999 and January 2000, he again received SEBs.
In February 2000, Louisiana Workers’ Compensation Corporation (“LWCC”) terminated claimant’s SEBs based on its conclusion that claimant’s employment with Delta showed that he was capable of returning to work earning ninety percent of his pre-injury wage. In April 2000, claimant filed a disputed claim for compensation seeking reinstatement of SEBs, vocational rehabilitation, penalties and attorney fees. Claimant’s employer and LWCC (collectively referred to as “defendants”) entered a general denial of the claim. Subsequently, claimant was placed on temporary total disability from August to September 2000 and was later released to return to work which he did.
Trial was held in March 2003 and the Workers’ Compensation Judge (“WCJ”) rendered judgment in favor of claimant on May 21, 2003. The WCJ’s written reasons for judgment made certain findings of fact as follows.
1. Randy K. Williams was a credible witness.
2. Claimant testified at trial that he was incapable of performing the duties of Utility Hand for Delta Catering Management, L.L.C., after an actual four week trial on the job.
3. No live witnesses testified at the trial on March 10, 2003 other than Randy K. Williams.
4. No evidence was introduced by Delta at trial that Claimant satisfactorily performed the duties of Utility Hand during the period of August 27 through October 1,1999.
5. The separation notice from Delta alleging discharge for theft and dated October 19, 1999 was not identified by a Delta employee, nor was the allegation substantiated by a Delta employee.
146. Since January 2000, Claimant has been continuously employed as an Assistant Occupational Therapist at the Medical Center of Louisiana. This is a part-time, light-duty job. Claimant works sixteen hours per week and is currently paid $7.85 per hour.
The WCJ concluded that defendants failed to meet their burden of proof to rebut claimant’s entitlement to SEBs by showing the existence of a suitable job that claimant was physically able to perform. In so holding, the WCJ relied on Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551. The WCJ awarded claimant SEBs' for October and November 1999 and from February 2000 through filing of the disputed claim and attorney fees in the amount of $4,000.00. Defendants filed this appeal.

DISCUSSION

Defendants argue that the WCJ erred in awarding SEBs in this case because claimant demonstrated through his employment with Delta that he was capable of earning more than ninety percent of his pre-injury earning capacity despite termination from that job. Also, the WCJ erred in awarding $4,000.00 in attorney fees.
Our review of the WCJ’s findings is subject to the manifest error rule. Cole v. State Department of Public Safety and Corrections, 01-2123 (La.9/4/02), 825 So.2d 1134, 1144. An appellate court may not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong, and where two permissible views of the evidence exist, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Id. In Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, *726 882 (La.1993), the Louisiana Supreme Court outlined a two part test for the reversal of a fact finder’s determinations: 1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and 2) the appellate court must further determine that the record establishes that the finding is clearly | ¡¡wrong or manifestly erroneous. Moreover, the issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Cole, at 1144, citing Stobart, supra.
With that standard in mind, we note that in Banks, infra, the Supreme Court opined that the purpose of SEBs is to compensate an injured employee/claimant for his lost wage earning capacity due to an on the job accident. Banks at 556. A claimant is entitled to receive SEBs if he sustains a work-related injury resulting in his inability to earn ninety percent or more of his average pre-injury wage. Id. Initially, the claimant bears the burden of proving (by a preponderance of the evidence) that the injury at issue resulted in his inability to earn his pre-injury wage. Id. This analysis is based on the facts and circumstances of each case with the reviewing court bearing in mind that workers’ compensation law is to be liberally construed in favor of coverage. Id.
Once the claimant has met its burden, that burden shifts to the employer. Banks at 556. An employer may discharge its burden of proving job availability by establishing the following through a preponderance of the evidence by competent evidence. Id. at 557.
(1)the existence of a suitable job within claimant’s physical capabilities and within claimant’s or the employer’s community or reasonable geographic region;
(2) the amount of wages that an employee with claimant’s experience and training can be expected to earn in that job; and
(3) an actual position available for that particular job at the time that the claimant received notification of the job’s existence. Id.
The Louisiana Supreme Court defines a “suitable job” as one that claimant is not only physically capable of performing, but one that also falls within the limits of claimant’s age, experience, and education, unless, of course, the employer or | ^potential employer is willing to provide additional necessary training or education. Id.
Applying these guidelines to the instant case, we conclude that the hearing officer was not manifestly erroneous or clearly wrong in finding that defendants failed to present sufficient competent evidence to carry their burden. Defendants did not put on any evidence regarding the availability of suitable jobs for claimant. Rather, it relied solely on claimant’s employment with Delta and called no witnesses to rebut claimant’s contention that the position at Delta was beyond his physical limitations. Thus, we cannot say that the hearing officer’s findings were unreasonable, manifestly erroneous or clearly wrong. Moreover, because the record supports the hearing officer’s finding that defendants failed to establish the availability of any other jobs “suitable” for claimant, we conclude that the WCJ was correct in awarding SEBs.
Regarding the award of attorney fees, we note that under La. R.S. 23:1201.2, reasonable attorney fees are awarded as a penalty under the workers’ compensation law when an employer discontinues payment of benefits and the discontinuance is found to be arbitrary, capricious, or without probable cause. J.E. *727 Merit Constructors, Inc. v. Hickman, 00-0943 (La.1/17/01), 776 So.2d 435, 437. Arbitrary and capricious behavior is willful and unreasonable action, without consideration or regard for the facts and circumstances presented. Id.
We do not find that the record contains sufficient factual information to conclude the defendants arbitrarily and capriciously denied benefits to claimant. Defendants’ action in terminating claimant’s SEBs based on its belief that claimant could obtain employment which paid him more than ninety percent of his pre-injury earning capacity was not arbitrary, capricious, or without probable cause.

^CONCLUSION

For the foregoing reasons, we find the WCJ did not err in awarding supplemental earnings benefits to claimant. However, the WCJ did err in awarding claimant $4,000.00 in attorney fees.

AFFIRMED IN PART; REVERSED IN PART.