| J) OWNING, J.
Wal-Mart Stores, Inc., appeals a judgment rendered by the workers’ compensation court (WCC) in favor of Joan Autin. The judgment decreed that Autin had proven she sustained a work-related accident resulting in a disability and was, therefore, entitled to medical treatment resulting from that injury. The judgment further decreed that she was entitled to her choice of physician and entitled to indemnity benefits until she was able to return to work. Wal-Mart was also assessed with La.R.S. 23:1201(F) penalties and attorney fees for its failure to pay benefits. For the reasons that follow, we affirm the judgment.
Joan Autin, a forty-eight-year-old evening shift stocker at Wal-Mart, injured her lower back on May 19, 2002, while restocking detergent onto the shelves. Although the injury was reported at the time, Autin did not seek medical attention until two days later when Wal-Mart sent her to a general medicine doctor. Autin was referred to Dr. Neil J. Maki, an orthopedist, who diagnosed her with a degenerative back disease, and on July 15, 2002, she was released for light duty work. Wal-Mart offered Autin a sedentary job that would meet her physical limitations, but upon her return to work, Wal-Mart required her to continue stocking shelves. She continued working but was still in pain and once had to leave Wal-Mart in a wheelchair. Autin worked in this position until August 28, 2002.
On August 9, 2002, Autin filed a disputed claim form for workers compensation benefits alleging that her lower back was injured in the May 19th accident and seeking benefits. On September 4, 2002, Autin saw a chiropractor, Dr. Barrett Richter, who treated her lumbar injuries. Thus, her claim proceeded to trial when Wal-Mart refused to pay Autin indemnity benefits or her subsequent chiropractic expenses.
IsThe matter was tried on July 21, 2003 and on August 29, 2003 the WCC ruled in *1051 favor of Autin, finding that she was injured in a work-related injury and was, thus, entitled to reasonable and necessary medical treatment by the physician of her choice. The judgment ordered Wal-Mart to pay Autin $180 per week in indemnity benefits from September 4, 2002 until returning to work. Wal-Mart was assessed $4,000 in penalties and $4,000 in attorney fees for not reasonably controverting the claim. Judgment was signed on August 29, 2003, and from that judgment Wal-Mart appealed.
Wal-Mart first assigns error to the determination that Autin proved by competent evidence that she incurred a work-related injury. Wal-Mart argues that Au-tin was a professional sports trainer who worked out regularly and who was in excellent physical shape. Accordingly, it argues that it is not reasonable that she injured her back by stacking twenty-pound boxes of detergent. Wal-Mart also argues that Autin gave conflicting testimony. Specifically, she first claimed to have injured her back by “lifting” the detergent and later testified that it happened when she was “moving or pushing” the detergent.
An “accident” mdans an unexpected or unforeseen actual, identifiable, precipitous event happening, with or without human fault, directly producing at the time, objective findings of an injury, more than simply a gradual deterioration or progressive degeneration. La.R.S. 23:1021(1). In order for the employee to recover workers compensation benefits, it must be determined that the employment somehow caused or contributed to the disability, but it is not necessary that the exact cause be found. Walton v. Normandy Village Homes Assn., 475 So.2d 320, 324 (La.1986).
The thrust of Wal-Mart’s argument is that it is not reasonable that a trained athlete in peak physical condition could injure her back by [ performing such a minor task unless her back was already compromised by degenerative lumbar disc disease, and thus precluded from recovery under La.R.S. 23:1021(1). Wal-Mart relies on Dr. Maki’s medical reports confirming that Autin suffered from degenerative disc disease.
It is well settled that recovery is riot necessarily precluded even if the claimant has a previously compromised back. An employee suffering from a preexisting condition may still prevail if she proves the accident aggravated, accelerated, or combined with the infirmity to produce the disability for which compensation is being paid. Peveto v. WHC Contractors, 93-1402, p. 2 (La.1/14/94), 630 So.2d 689, 691. When an employee proves that before the accident she had not manifested disabling symptoms, but commencing with the accident disabling symptoms appeared, and that medical or circumstantial evidence indicates a “reasonable possibility” of a causal connection between the accident and the activation of the disabling condition, the employee’s work condition is presumed to have aggravated, accelerated or combined with his pre-existing disease to produce the disability. Id. Here, Autin testified that before the accident she worked out regularly and performed her duties at Wal-Mart without any pain, and after the incident with the detergent she has ongoing lower back pain.
The WCC found as a fact that Au-tin met her burden of proving that she sustained an accident pursuant to La.R.S. 23:1021(1). Once the employee establishes the presumption of causation, the opposing party bears the burden of producing evidence to prove that it is more probable than not that the injury, was not aggravated or accelerated by the. pre-existing injury to produce his disability. Peveto, 93- *1052 1402, pp. 2-3, 630 So.2d at 691. Wal-Mart presented no such evidence.
1 r,The medical records indicate that Autin suffers from a herniated disc at L5-S1 that has encroached upon the nerve root. Although there is medical evidence that Autin suffers from a degenerative spinal disease, there is no evidence that this disease was symptomatic before the alleged accident. Autin testified that she had no back pain prior to the accident. Even though there was medical evidence regarding Autin’s compromised spine, there was also evidence and testimony establishing that Autin’s injury resulted from an accident as defined in La.R.S. 23:1021(1). Thus, we cannot conclude that the WCC erred in determining that Autin’s injuries resulted from an “unexpected or unforeseen actual, identifiable, precipitous event” as required in La.R.S. 23:1021(1). If the factfinder’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the fact-finder, it would have weighed the evidence differently. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, pp. 7-8 (La.7/1/97), 696 So.2d 551, 556.
Wal-Mart’s second assignment of error is twofold. It first alleges that the WCC erred in determining that Autin was entitled to medical benefits including the chiropractic expenses it claims are excessive, unauthorized and unnecessary chiropractic expenses. It further alleges error in allowing Autin a second choice of a treating physician. Wal-Mart argues that Autin made Dr. Neil Maki, an orthopedist, her selection of a treating physician, and then went to and obtained extensive treatment from a chiropractor without Dr. Maki’s referral or prior approval.
Louisiana Revised Statute 23:1121(B) provides that an employee shall have the right to select one treating physician in any field or specialty when the employee needs treatment for a work-related injury. Autin testified that she did not select Dr. Maki and, in fact, had not heard of him until Wa]-¡Mart’s6 physician sent her to his office after the injury. Autin testified that the only choice she ever made for a health care provider was Dr. Barrett Richter, a chiropractor.[1] The WCC ruled that Autin was entitled to make this selection, and the record supports this ruling.
Wal-Mart next argues that Dr. Richter’s chiropractic treatment was excessive and unauthorized by the treating physician. Wal-Mart contends that the $9,843.80 chiropractic bill, if paid at all, should be limited to the $750 allowed for the non-emergency, non-approved amount allowed by La.R.S. 23:1142(B).
Louisiana Revised Statute 23:1142(B) provides that a health-care-provider, may not incur more than $750 in non-emergency diagnostic testing or treatment without the mutual consent of the payor and the employee. We have already determined that the WCC did not err in allowing Dr. Richter to be Autin’s treating physician. Therefore La.R.S. 23:1142(B) is not applicable in this situation. The argument of whether or not the chiropractic bill was excessive was before the WCC. It heard the testimony of the doctors and had all of the evidence before it when it decided that Dr. Richter was entitled to be paid for these medical procedures. We find no error in this decision. Thus, this assignment of error is without merit.
*1053 Wal-Mart’s third assignment of error alleges that the court erred in finding that Autin was entitled to temporary total disability benefits when an offer of employment was timely tendered to her within-her treating orthopedic physician, Dr, Maki’s, restrictions. Wal-Mart contends that Dr. Maki is an orthopedic specialist and his testimony should be given sufficient |7weight with reference to his expert opinion about Autin’s ability to return to gainful employment.
The WCJ, who was in the best position to weigh and evaluate the evidence, heard the testimony of the parties and determined Autin’s injury entitled her to temporary and total disability. Jimmy N. Ponder, M.D., Bradley J. Bartholomew, M.D., and Neil Maki, M.D. all confirm that Autin does have a herniated lumbar disc that is encroaching upon a nerve root on her left side. Upon review of the record, and considering applicable legal standards, we find no manifest error in this determination.
The final assignment' of error alleges that the WCC erred in finding Wal-Mart responsible for a $4,000 penalty and for $4,000 in attorney fees. It argues that it should have been able to rely upon the substantial factual and legal issues to preclude the unwarranted assessment of penalties. Wal-Mart contends that the jurisprudence does not allow an award for penalties and attorney’s fees simply because the trial court finds in the plaintiffs favor, pursuant to the Third Circuit case of LeJeune v. Lawrence Habetz Roofing Company, 00-1743 (La.App. 3 Cir. 4/4/01), 782 So.2d 1181.
Louisiana Revised Statute 23:1201(F) establishes that penalties and attorney fees for failure to timely pay benefits shall be assessed unless the claim is reasonably controverted. We conclude that the WCC did not err in finding that Wal-Mart failed to reasonably controvert the claim. The Louisiana Supreme Court made it perfectly clear that in a workers’ compensation action, the determination of whether an employer should be cast with penalties -and attorney fees is a question of fact. Authement v. Shappert Engineering, 02-1631, p. 12 (La.2/25/03), 840 So.2d 1181, 1188. The crucial inquiry in making this determination is whether.the employer Chad an objective reason to deny benefits. Id. The WCC ruled that Wal-Mart did not reasonably controvert the claim.
We conclude that this determination was not. manifestly erroneous and that the WCC did not err. Autin .is entitled to an award of penalties and attorney fees as provided for in La. R.S. 23:1201. This assignment of error is without merit.
DECREE
For the forgoing reasons, the Office of Worker’s Compensation judgment is affirmed.
AFFIRMED.
FITZSIMMONS, J., concurs.

. La.R.S. 23:1021(11) defines health care provider as a physician, hospital, dentist, registered or licensed practical nurse, pharmacist, optometrist, podiatrist, chiropractor, physical therapist, psychologist, board-certified social worker, or psychiatrist.