MOORE, J,
concurs in part and dissents in part.
|,I respectfully concur in part and dissent in part. I appreciate the majority’s scholarly attempt to synthesize the old jurisprudential rule of solidarity[1] among *21 successive employers 'with the Second In-' jury Fund as established in La. R.S. 28:1371. However, I do not think the WCJ’s error was in failing to grasp these legal nuances but rather in a simple factual determination. Essentially, the WCJ found that the knee injury that Silverman sustained in March 2009 while working for Weatherford had resolved to pre-injury condition by June 12, 2009; hence, Weath-erford was liable for no further benefits after that date. This finding, in my view, is plainly wrong. The IME by Dr. Shahr-dar found that the 2009 injury completed the ACL tear sustained in the 2005 accident; he recommended ACL surgery. Dr. Atchison likewise found an aggravation, and Dr. Googe recommended ACL surgery. Together with Silverman’s own testimony, this evidence easily outweighed Dr. Bilderback’s opinion that there was no causation.[2] I would hold that the WCJ committed manifest error in finding no aggravation of Silverman’s injury beyond June 12, 2009, and I therefore concur in this part of the court’s judgment.
I dissent, however, from the majority’s imposition of a penalty and attorney fee. The WCJ specifically found that Weather-ford “reasonably 12controverted” the claim and thus was not liable for penalties and fees. Of course, the correct standard in a case of terminated benefits is whether the employer was “arbitrary, capricious, or without probable cause.” La. R.S. 23:1201 I. In J.E. Merit Constructors Inc. v. Hickman, 2000-0943 (La.1/17/01), 776 So.2d 435, the employer terminated the claimant’s benefits “based on the availability of other employment and in calculating benefits based on part-time rather than full-time status[.]” The supreme court found that this was legal error, but held that legal error does not equate to arbitrary and capricious conduct. Moreover, the court noted, the WCJ had found a bona fide dispute and therefore denied penalties and attorney fees. The court stated (with emphasis supplied):
While these substantive determinations were later reversed on appeal, the finding of the workers’ compensation judge in favor of Merit [the employer] is virtually conclusive that its actions were reasonable and not arbitrary and capricious. If this were not so, it would suggest that the workers’ compensation judge’s ruling in favor of Merit was itself arbitrary and capricious. It would be very rarely appropriate for an appellate court to award attorney’s fees based on employer actions which the trier of fact previously found did not rise to the level of being arbitrary and capricious (and in fact found to be meritorious).
While I would find the WCJ was plainly wrong to absolve Weatherford of benefits after June 12, 2009, I am not prepared to say that Weatherford’s conduct was arbitrary and capricious, in light of Silver-man’s serious prior condition and the equivocal medical evidence, including Dr. Bilderback’s report. Even less am I willing to hold that the WCJ’s ruling was itself arbitrary and capricious. As this record does not present the kind of extraordinary *22 case conjectured in Hickman, I would not disturb the WCJ’s denial of penalties and attorney fees.
APPLICATION FOR REHEARING
GASKINS, CARAWAY, PEATROSS, DREW and MOORE, JJ.
Rehearing denied.
GASKINS and MOORE, JJ., would grant rehearing.

. Solidary liability was largely abolished by the 1984 enactment of La. C.C. art. 1796, *21 which states that solidarity of obligation "shall not be presumed” but must arise from a "clear expression of the parties' intent or from the law.” The majority points to nothing in the Workers’ Compensation Act that clearly expresses solidarity among successive employers, but this court has retained the concept in cases like Tron v. Little Italiano Inc., 38,556 (La.App.2 Cir.6/25/04), 877 So.2d 1055.

. The majority mentions Dr. Bilderback once in reference to the WCJ's reasons but does not discuss his finding that the March 2009 accident did not cause Silverman’s current condition and his recommendation against the ACL surgery.