# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 5, 2013

No. 13-30157
Summary Calendar

Lyle W. Cayce
Clerk

GLOBAL MANAGEMENT ENTERPRISES, L.L.C.,

Plaintiff–Appellant,

versus

COMMERCE & INDUSTRY INSURANCE COMPANY,

Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:11-CV-1681

Before KING, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Global Management Enterprises, L.L.C., appeals a summary judgment
that is based primarily on a determination that its employee, Librado de la Cruz,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

is a longshoreman whose injury claim therefore was explicitly excluded from coverage for workers' compensation benefits provided by defendant Commerce & Industry Insurance Company.  The parties agree that the insurance policy in question excludes claims subject to being paid pursuant to the Longshore and Harbor Workers' Compensation Act.

The district court analyzed the issue in a thorough Memorandum Ruling dated January 25, 2013, that examined, *inter alia*, whether de la Cruz satisfied the situs and status requirements of 33 U.S.C. §§ 902(3) and 903(a).  Part of the inquiry was whether the injury occurred in an "adjoining area" to an area used for maritime purposes.

On April 29, 2013, while this appeal was in the briefing stage, this court issued its en banc opinion in *New Orleans Depot Services, Inc. v. Director, Office of Worker's Compensation Programs*, 718 F.3d 384 (5th Cir. 2013) (en banc). That opinion contains a careful analysis of the "adjoining area" requirement in deciding situs. The district court did not have the benefit of the decision when it issued its ruling, and the briefs do not mention it except for one short reference in the appellee's brief.

Although we could decide the application of *New Orleans Depot* to the facts in the record, we conclude it is better for the district court to do that in the first instance.  The judgment is therefore VACATED, and this matter is REMANDED for the district court to examine the facts in light of the new decision.  Our ruling is not to be read as a comment, one way or the other, on the applicability of *New Orleans Depot* or on what proceedings the district court should conduct or on what decisions it should make on remand.