# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31126
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 2, 2015

Lyle W. Cayce
Clerk

GLOBAL MANAGEMENT ENTERPRISE, L.L.C.,

    Plaintiff–Appellant,

v.

COMMERCE & INDUSTRY INSURANCE COMPANY,

    Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:11-CV-1681

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

    Commerce and Industry Insurance Company (d/b/a Chartis) provided Global Management Enterprise, L.L.C. (Global) with workers' compensation insurance. Global's policy excluded employees who were eligible for benefits under the federal Longshore and Harbor Workers' Compensation Act (LHWCA), but it contained an endorsement that, by its terms, extended

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

coverage to "street cleaning." After Librado De La Cruz, a Global employee, allegedly suffered an injury while cleaning a beach, Chartis refused to provide benefits, initially relying on the LHWCA exclusion and later also denying that De La Cruz fell under the street-cleaning endorsement.

Global sued Chartis for breach of contract and for violating Louisiana's bad-faith insurance practices statute. The district court initially granted summary judgment in favor of Chartis on all claims. We reversed, holding that De La Cruz was not covered by the LHWCA. Chartis then paid benefits to De La Cruz and moved for summary judgment on the bad-faith claim. The district court again granted summary judgment to Chartis. Global appeals. We affirm the judgment of the district court.

## I

As we explained in our previous decision:

> [Global] is a temporary employment agency that provides short-term workers for various construction and industrial purposes. . . . In the months following the *Deepwater Horizon* oil spill, Global hired a number of workers to assist with clean-up efforts in and around the Gulf of Mexico. On August 21, 2010, Global employee Librado De La Cruz was allegedly injured while lifting a bag of oil-laden sand that would later be loaded onto a truck and transferred to a vessel for removal. It is undisputed that De La Cruz spent up to two hours actively loading and unloading the vessel at the pier, and six or seven hours cleaning the beaches. At the time of the incident, De La Cruz was working on a beach located a few feet from Gulf waters and around a half-mile from the pier at which the vessel was docked.[1]

The workers' compensation policy that Chartis issued to Global has two provisions at issue in the present appeal. The first provision is contained in the policy as it was initially issued to Global. This provision specifically

---

[1] *Global Mgmt. Enters., LLC v. Commerce & Indus. Ins. Co.*, 574 F. App'x 333, 334-35 (5th Cir. 2014) (per curiam).

excludes from coverage "bodily injury to any person in work subject to the Longshore and Harbor Workers' Compensation Act."   However, Global purchased an endorsement, effective July 29, 2010, to expand the scope of the policy.  The second relevant provision, contained in this endorsement, states that the class code "9402 (Street Cleaning & Drivers)" was added to Global's policy.  The parties dispute whether this endorsement caused De La Cruz to fall within the policy's coverage.

Chartis initially accepted De La Cruz's workers' compensation claim and started paying benefits.[2]   However, without informing Chartis, De La Cruz applied to the Department of Labor for benefits under the LHWCA, but he withdrew that application prior to the agency's determination of whether De La Cruz was covered by the statute.[3]  Chartis later terminated De La Cruz's workers' compensation benefits, expressly relying on only the LHWCA exclusion.[4]  While the dispute was pending but before litigation began, an auditor employed by Chartis stated multiple times that beach-cleaning work, and thus De La Cruz, properly fell under code 9402.

Global sued Chartis, alleging breach of contract, negligence, and bad faith.[5]  Chartis moved for summary judgment.[6]  The district court concluded that De La Cruz was a longshoreman, rejected the argument that he was covered due to the endorsement, and dismissed all of Global's claims.  Global appealed.

While Global's appeal was pending, we decided *New Orleans Depot*

---

[2] *Global Mgmt.*, 574 F. App'x at 335.

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

No. 14-31126

*Services, Inc. v. Director, Office of Worker's Compensation Programs*, an en banc opinion that overruled a thirty-year-old decision defining the scope of the LHWCA.[7] We vacated the judgment in this case and remanded for the district court to determine whether *New Orleans Depot* applied.[8] The district court concluded that *New Orleans Depot* did not impact its prior analysis and again granted summary judgment in favor of Chartis. Global again appealed.

We reversed and remanded, holding that De La Cruz sustained injuries at a situs not covered by the LHWCA.[9] Chartis then paid De La Cruz's workers' compensation claim and filed another motion for summary judgment seeking to dismiss Global's bad-faith claim. The district court granted the motion. Global appeals.

## II

In this diversity action, we apply Louisiana law as interpreted by the Louisiana state courts.[10] In the absence of on-point Louisiana law, our "primary obligation" is to make an "*Erie* guess" as to how the Louisiana Supreme Court would decide the question before us.[11]

"We review a district court's grant of summary judgment *de novo,* applying the same legal standards that the district court applied, and we view the evidence in the light most favorable to the nonmoving party."[12]

---

[7] 718 F.3d 384, 394 (5th Cir. 2013) (en banc).

[8] *Global Mgmt. Enters., L.L.C. v. Commerce & Indus. Ins. Co.*, 539 F. App'x 514, 515 (5th Cir. 2013) (per curiam).

[9] *Global Mgmt. Enters., LLC v. Commerce & Indus. Ins. Co.*, 574 F. App'x 333, 337 (5th Cir. 2014) (per curiam).

[10] *See Keen v. Miller Envtl. Grp., Inc.*, 702 F.3d 239, 243 (5th Cir. 2012) (citing *Mid-Continent Cas. Co. v. Swift Energy Co.*, 206 F.3d 487, 491 (5th Cir. 2000)).

[11] *Id.* (quoting *Gilbane Bldg. Co. v. Admiral Ins. Co.*, 664 F.3d 589, 593 (5th Cir. 2011)).

[12] *Id.* (quoting *Gilbane*, 664 F.3d at 593).

No. 14-31126

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13]

## III

Louisiana's bad-faith statute imposes monetary penalties on an insurer that fails to timely pay a claim when the insurer's failure is "arbitrary, capricious, or without probable cause,"[14] which is demonstrated by showing that the insurer's "willful refusal of a claim is not based on a good-faith defense."[15] "An insurer's conduct depends on the facts known to the insurer at the time of its action, and [the Louisiana Supreme Court] has declined to assess penalties when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense."[16] Because the bad-faith statute is "penal in nature, . . . it is to be strictly construed[,] and . . . sanctions should be imposed only in those instances in which the facts negate probable cause for nonpayment."[17] The insured has the burden of proving a lack of probable cause.[18]

The Louisiana Supreme Court has remarked that "when there is a dispute over the extent of coverage afforded by an insurance policy, the insurer bears the risk of misinterpreting its own policy and will be liable for penalties

---

[13] FED. R. CIV. P. 56(a).

[14] LA. REV. STAT. § 22:1892 (B)(1). This provision was previously codified at LA. REV. STAT. § 22:658.

[15] *La. Bag Co. v. Audubon Indem. Co.*, 2008-0453, p. 14 (La. 12/2/08); 999 So. 2d 1104, 1114 (citation omitted).

[16] *Id.* (quoting *Reed v. State Farm Mut. Auto. Ins. Co.*, 2003-0107, p. 13 (La. 10/21/03); 857 So. 2d 1012, 1021) (internal quotation marks omitted).

[17] *Id.* at p. 25; 999 So. 2d at 1120 (quoting *McDill v. Utica Mut. Ins. Co.*, 475 So. 2d 1085, 1092 (La. 1985)) (internal quotation marks omitted).

[18] *Chevalier v. Reliance Ins. Co. of Ill.*, 953 F.2d 877, 883 (5th Cir. 1992) (citing *Rushing v. Dairyland Ins. Co.*, 449 So. 2d 511, 514 (La. App. 1984)).

5

for its errors."[19]   Despite this broad language, not every misinterpretation results in penalties.    Rather, the misinterpretation must be arbitrary, capricious, or without probable cause in order for penalties to attach.[20]

Under Louisiana law, the general rule is that "[i]nsurance policies are liberally construed in favor of coverage, and exceptions to coverage are strictly construed against the insurer."[21]   Global contends that Chartis acted in bad faith by concluding that the street-cleaning endorsement did not override the LHWCA exclusion and cover De La Cruz.

We assume that, as a general rule, an endorsement would override an exclusion.  However, the LHWCA exclusion is not only a term of the contract, but a mandate of state law.   Louisiana specifically prohibits workers' compensation payments to "any employee covered by" the LHWCA.[22]   Accordingly, the present case does not merely pit an exclusion against an endorsement because the exclusion at issue has the force of state law behind it.  Global's argument therefore relies on a faulty premise: that Chartis acted

---

[19] *La. Bag Co.*, 2008-0453, at p. 19; 999 So. 2d at 1117 (citing *Carney v. Am. Fire & Indem. Co.*, 371 So. 2d 815, 819 (La. 1979)).

[20] *See* LA. REV. STAT. § 22:1892(B)(1); *Carney*, 371 So. 2d at 819 (concluding that an insurer's erroneous interpretation of a policy provision was not arbitrary, capricious, or without probable cause because it comported with the interpretation of the trial court and intermediate court of appeals in Louisiana, as well as the supreme courts of four other states, even though the Louisiana Supreme Court ultimately disagreed with the insurer's interpretation); *Rudloff v. La. Health Servs. & Indem. Co.*, 385 So. 2d 767, 771 (La. 1980) (on rehearing) (refusing to assess penalties against the insurer when the statute at issue had not been judicially interpreted and left "room for disagreement" at the time the insured submitted her claim); *see also Morey v. W. Am. Specialized Transp. Servs., Inc.*, 968 F.2d 494, 499 (5th Cir. 1992) ("This Court . . . has taken the position that an unfavorable judgment does not automatically subject an insurer to penalties under [the  Louisiana bad-faith statute].");  *cf. La. Bag Co.*, 2008-0453, at pp. 18-19; 999 So. 2d at 1116-17 (concluding that an insurer acted in bad faith when there was no "legitimate . . . coverage question").

[21] *Capital Bank & Trust Co. v. Equitable Life Assurance Soc'y of the U.S.*, 542 So. 2d 494, 496 (La. 1989) (citation omitted).

[22] LA. REV. STAT. § 23:1035.2.

in bad faith by applying the exclusion over the endorsement in violation of the *general rule*.

To establish that Chartis acted in bad faith, Global cannot bypass Chartis's conclusion that De La Cruz was subject to the LHWCA exclusion. In other words, Global must establish, under the summary judgment standard, that Chartis acted in bad faith in two respects. First, it must establish that Chartis acted in bad faith by concluding that De La Cruz fell under the LHWCA. Then it must establish that Chartis acted in bad faith by refusing to conclude that De La Cruz fell under the endorsement. Because we conclude that Global has not met its burden regarding the LHWCA coverage issue, we need not address the endorsement.

No reasonable factfinder could conclude that Chartis's incorrect interpretation of the LHWCA was arbitrary, capricious, or without probable cause. In *J.E. Merit Constructors, Inc. v. Hickman*, the Louisiana Supreme Court addressed similar facts.[23] A Louisiana workers' compensation judge ruled, in part, in favor of the employer.[24] The intermediate appellate court reversed some of the findings that favored the employer and concluded that the employer acted arbitrarily and capriciously on the pertinent issue.[25] On appeal, the Louisiana Supreme Court only addressed the intermediate appellate court's bad-faith finding.[26] The court noted:

> Significantly, the workers' compensation judge found in favor of [the employer] on both disputed issues. While these substantive determinations were later reversed on appeal, the finding of the workers' compensation judge in favor of [the employer] is virtually conclusive that its actions were reasonable and were not arbitrary

---

[23] 2000-0943 (La. 1/17/01); 776 So. 2d 435 (per curiam).

[24] *Id.* at pp. 2-4; 776 So. 2d at 436-37.

[25] *Id.* at p. 4; 776 So. 2d at 437.

[26] *Id.* at pp. 4-5; 776 So. 2d at 437.

and capricious. If this were not so, it would suggest that the workers' compensation judge's ruling in favor of [the employer] was itself arbitrary and capricious. It would very rarely be appropriate for an appellate court to award attorney's fees based on employer actions which the trier of fact previously found did not rise to the level of being arbitrary and capricious (and in fact found to be meritorious).[27]

The Louisiana Supreme Court concluded that the employer and employee had a bona fide dispute about "the facts and the law," such that the employer did not act in bad faith.[28]

The present case is indistinguishable from *Hickman.* Although the district court erroneously concluded that De La Cruz was injured at a situs covered by the LHWCA, its holding is "virtually conclusive" that Chartis's decision to dispute LHWCA coverage was "reasonable and . . . not arbitrary and capricious."[29] Moreover, Global does not argue or point to any evidence suggesting that the district court's error on the LHWCA issue was exceptional. Rather, it urges that our standard of review is *de novo*, such that we should not give weight to the district court's conclusion. Global confuses the issues. Although our standard of review is *de novo*, we are bound to apply Louisiana's substantive law in this diversity case. Louisiana law provides that when the initial court to review an insurance dispute sides with the insurer, on a question of fact *or* law, that court's decision, which later proves erroneous, creates a very strong presumption that the insurer did not act in bad faith. Accordingly, we conclude that Chartis did not act in bad faith when it misinterpreted the LHWCA and denied coverage to De La Cruz.

---

[27] *Id.* at p. 6; 776 So. 2d at 438.

[28] *Id.* at pp. 5-6; 776 So. 2d at 437-38; *accord Willis v. Alpha Care Home Health,* 2001-0638, pp. 1-2 (La. 6/15/01); 789 So. 2d 567, 568 (per curiam).

[29] *Hickman,* 2000-0943, at p. 6; 776 So. 2d at 438.

No. 14-31126

\*     \*     \*

For the foregoing reasons, we AFFIRM the judgment of the district court.